[No. B035116. Second Dist., Div. Three. Jan. 24, 1989.]

In re RAS ADISA GAMBA OLUWA on Habeas Corpus.

COUNSEL

Marcia C. Levine and Richard Lennon, under appointments by the Court of Appeal, for Petitioner.

John K. Van de Kamp, Attorney General, Paul D. Gifford and George D. Prince, Deputy Attorneys General, for Respondents.

OPINION

**KLEIN, P. J.**—Petitioner Ras Adisa Gamba Oluwa (Oluwa) seeks writ review of a policy change of the California Department of Corrections

(CDC)[1] which denied certain life term prisoners the benefit of work time credits provided for in Penal Code section 2933[2] and limiting such prisoners to behavior and participation credit under section 2931.

Because we conclude persons serving sentences of 15 years to life for second degree murder are not eligible to receive the 1-for-1 custody credits enacted by the Legislature in 1983 after the passage of Proposition 7, but only 1-for-2, the petition is denied.

### FACTUAL & PROCEDURAL BACKGROUND

On May 26, 1982, Oluwa was sentenced in the Superior Court for the County of Los Angeles upon his conviction after court trial of murder in the second degree, child endangering and cruel or inhuman corporal punishment of a child. (§§ 187/190, 273a, subd. (1), 273d.) The trial court imposed a term of 15 years to life imprisonment for murder in the second degree and stayed upper terms imposed for the other 2 offenses.

Proposition 7, the so-called Briggs Initiative, enacted by the electorate on November 7, 1978, effected a number of changes in the criminal law. The initiative rewrote section 190,[3] among other sections, and increased the sentence for murder in the second degree from five, six or seven years in the state prison to fifteen years to life in prison.

Rewritten section 190 acknowledged the application of custody credits to the fixed portion of a life term by providing in pertinent part: "The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 of the Penal Code [article 2.5] shall apply to reduce any minimum term of 25 or 15 years in a state prison imposed pursuant to this section, but such person shall not otherwise be released on parole prior to such time." (§ 190.)

At the time of the enactment of Proposition 7, article 2.5 contained only sections 2930, 2931 and 2932. These sections outlined the manner in which prisoners might reduce their sentences by a maximum one-third for good behavior and participation in prison programs. (Hereinafter, 1-for-2 or § 2931 credits.)

The Analysis by Legislative Analyst accompanying the ballot statement for Proposition 7 calculated the impact of the then existing behavior credits

---

[1] The respondents include James Rowland, Director of the CDC, Ron Koenig, Chairman of the Board of Prison Terms, and Robert Borg, Warden of California State Prison, Folsom (respondents).

[2] All further statutory references are to the Penal Code, unless otherwise indicated.

[3] Section 190 provides for the punishment of murder.

upon a 15-year sentence and stated, "A person sentenced to 15 years would have to serve at least 10 years before becoming eligible for parole."

After Oluwa began service of his sentence in 1982, the Legislature added sections 2933, 2934 and 2935 to article 2.5. (Stats. 1982, ch. 1234, §§ 4-6, pp. 4551-4553.) Commencing January 1, 1983, section 2933, subdivision (a), granted persons "convicted of a crime and sentenced to state prison, under section 1170, . . . a reduction in the time served [of up to one-half] . . . for performance in work, training or education programs . . . ." (Hereinafter, 1-for-1 or § 2933 credits.)

Section 2934, enacted at the same time as section 2933, allowed an already sentenced prisoner to waive the right to receive 1-for-2 credits provided for in section 2931 and thereafter receive 1-for-1 section 2933 credits.

The CDC interpreted newly enacted sections 2933 and 2934 to apply to the fixed portion of Oluwa's sentence. Oluwa executed a section 2934 waiver in order to earn custody credit at the new more generous rate.

However, in March 1987, the Attorney General issued an opinion which concluded prisoners serving 15 years to life were not entitled to section 2933 credits. (70 Ops.Cal.Atty.Gen. 49 (1987).) Following this opinion, the CDC recalculated the minimum parole eligibility date for all such prisoners. Because of this change in policy, Oluwa's minimum eligible parole date, which had been set by the Board of Prison Terms at August 11, 1988, is now December 9, 1990.[4]

## ISSUE

The issue for determination is whether Oluwa is entitled to the benefit of the more liberal custody credits allowed by section 2933. For reasons hereinafter discussed, we find he is not.

## DISCUSSION

1. *Oluwa's Petition May Properly Be Considered by This Court.*

██ Oluwa is imprisoned outside this district at Folsom prison in Represa, California. However, he was convicted and sentenced in this district.

In *Griggs* v. *Superior Court* (1976) 16 Cal.3d 341, 346 [128 Cal.Rptr. 223, 546 P.2d 727], our Supreme Court concluded territorial limits on the power

---

[4]For the purposes of this petition, respondents agree Oluwa's request for relief would be denied under available administrative process.

to issue writs of habeas corpus had been removed by the 1966 revision of the California Constitution. The *Griggs* court also noted that if the petition for writ of habeas corpus challenged a judgment or sentence, it should be transferred to the court which rendered the judgment. If the petition challenged conditions of the inmate's confinement, it should be transferred to the district in which the inmate is confined. As to matters not falling within either category, "unless there is substantial reason for transferring a petition it should be entertained and resolved in the court where filed." (*Id.,* at p. 347.)

Because the matter of custody credits is not related to the conditions of Oluwa's confinement, we address the merits of the matter.

### 2. *Oluwa Concedes Section 2933 Not Applicable Directly.*

Oluwa's term of 15 years to life is an indeterminate sentence.[5] Because section 2933, by its terms, applies only to those persons convicted and sentenced pursuant to section 1170, Oluwa cannot claim section 2933 credits on the basis of that section alone. Oluwa concedes this point. He also acknowledges he cannot invoke the doctrine of equitable estoppel as to the CDC's reversal of its position. (Compare *In re Monigold* (1988) 205 Cal.App.3d 1224 [253 Cal.Rptr. 120].) Oluwa's sole contention is that Proposition 7 authorizes his receipt of section 2933 credits.

### 3. *Oluwa Is Bound by Proposition 7 as Enacted by the Electorate.*

#### a. *Reference to custody credit in Proposition 7 was sufficiently specific to incorporate said credits as they existed at the time of its adoption consistent with the intent of the electorate.*

 Oluwa argues Proposition 7 authorized his receipt of *subsequently enacted* section 2933 credits because Proposition 7 acknowledged *existing* section 2931 credits would be available to reduce the fixed portion of life terms by one-third. Oluwa asserts this reference to the provisions of article 2.5 containing the sections evinces the intent of the electorate that sections subsequently added thereto and dealing with the same subject matter should be engrafted onto section 190. Thus, Oluwa claims entitlement to section 2933 credits based upon the language of Proposition 7 itself.

---

[5] Persons convicted of offenses punishable by any of three time periods of imprisonment or by a single term of imprisonment are sentenced under section 1170. (§ 1168, subd. (a).) Any person not sentenced under section 1170 to a determinate sentence receives an indeterminate sentence. By definition, the duration of such a term is not fixed by the court. (§ 1168, subd. (b).)

■ However, " '[i]t is a well established principle of statutory law that, where a statute adopts by *specific reference* the provisions of another statute, regulation, or ordinance, *such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified,* . . . [Citations.] [¶] . . . [T]here is a cognate rule, recognized as applicable to many cases, to the effect that where the reference is general instead of specific, such as a reference to a system or body of laws or to the general law relating to the subject at hand, the referring statute takes the law or laws referred to not only in their contemporary form, but also as they may be changed from time to time, and . . . as they may be subjected to elimination altogether by repeal. [Citations.]' " (*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 58-59 [195 P.2d 1], italics added.)

Oluwa's argument that the initiative referred generally to the ability of prisoners to receive the same custody and behavior credits available to other prisoners and, for that reason, did not refer specifically to the provisions of section 2931 but to the entire article containing that section is not persuasive when viewed in the light of existing case law.

The rationale set forth in *Rancho Santa Anita* v. *City of Arcadia* (1942) 20 Cal.2d 319, 322 [125 P.2d 475], provides an apposite analogy. There, reference to title IX of the Political Code, which at the time contained 11 chapters and 200 sections, was held sufficiently specific to adopt the provisions of the title as they then existed.

In our case, the custody credit provisions in Proposition 7 referred to "Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 of the Penal Code." This is not a reference to a system or body of laws or to the general law relating to the subject at hand. It is a specific and pointed reference to an article of the Penal Code which contained only sections 2930, 2931 and 2932 at the time Proposition 7 incorporated article 2.5 into section 190. (Compare, *Kirk* v. *Rhoads* (1873) 46 Cal. 398, 402, holding reference to " 'all the provisions of law in force regulating elections' " to be general.)

■ Moreover, the legislative analysis accompanying the initiative specifically addressed the availability of conduct credits and advised voters that those persons sentenced to 15 years to life in prison would have to serve a minimum of 10 years before becoming eligible for parole. Thus, contrary to Oluwa's assertion, the electorate clearly intended service of 10 calendar years by a second degree murderer before parole consideration.

■ Further, a statute enacted by the electorate as an initiative measure may be changed only with the approval of the electorate unless the initiative

measure itself permits amendment or repeal without voter approval. (Cal. Const., art. II, § 10, subd. (c).)[6] Proposition 7 did not allow such amendment or repeal without voter approval. Therefore, legislative change of provisions enacted by Proposition 7 requires voter approval.

To allow Oluwa the custody credits he seeks would permit the Legislature to amend the provisions of Proposition 7 by reducing the amount of time a second degree murderer must serve before being eligible for a parole hearing without submitting that matter to the voters. The Legislature should not be permitted to do indirectly that which it cannot do directly.

### 4. *Enactment of Proposition 67 Unavailing to Oluwa.*

■ At oral argument, Oluwa asserted that by enacting proposition 67 in June 1988, the voters inadvertently reenacted section 190 at a time when article 2.5 included section 2933. Oluwa therefore concludes he is entitled to section 2933 credits by virtue of the passage of Proposition 67.

The Legislature added Proposition 67 to the ballot in 1988 in order to obtain the popular mandate required to amend section 190. (See fn. 6, *ante*.) The purpose of Proposition 67 was to *increase* the *minimum term* of persons convicted of second degree murder of specified police officers to a minimum of 25 years and to disallow any earned prison credits for such persons. Proposition 67 achieved this result by adding a subdivision (b) to section 190.[7]

Thus, Proposition 67 merely added a subdivision to section 190. Because amendment of a portion of a statute has no effect on portions which remain unchanged (*Vallejo etc. R.R. Co.* v. *Reed Orchard Co.* (1918) 177 Cal. 249, 255 [170 P. 426]; Gov. Code, § 9605),[8] there is no change of any existing portion of the section and no reenactment.

---

[6] The Legislature may amend or repeal referenda statutes. It may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without their approval.

[7] Proposition 67 added the following subdivision to section 190: "(b) Every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 25 years to life if the victim was a peace officer, . . . who was killed while engaged in the performance of his or her duties, and the defendant knew or reasonably should have known that the victim was such a peace officer engaged in the performance of his or her duties. [¶] The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 of the Penal Code shall not apply to reduce any minimum term of 25 years in state prison when the person is guilty of murder in the second degree and the victim was a peace officer, as defined in this subdivision, and such person shall not be released prior to serving 25 years confinement."

[8] Government Code section 9605 states in pertinent part: "Where a section or part of a statute is amended, it is not to be considered as having been repealed and reenacted in the amended form. The portions which are not altered are to be considered as having been the

Also, the Legislature and the electorate, by taking steps to increase minimum terms for second degree murderers of peace officers and preventing such persons from earning any prison credits at all, could not have intended by the same stroke to increase the amount of credits other second degree murderers might earn.

5. *Emergency Amendment of Section 2933 Also Precludes Result Favorable to Oluwa.*

Finally, Oluwa's Proposition 67 argument also ignores the statutory changes to section 2933 enacted by the Legislature as an emergency amendment effective June 7, 1988, and conditioned upon passage of Proposition 67. These changes deprive all persons sentenced to life terms the benefit of worktime credits under section 2933 and limit such persons to behavior and participation credits under section 2931.

The amendment to section 2933 states: "(e) *Any person sentenced to a term in the state prison under subdivision (a) of Section 190 shall be eligible only for credit pursuant to subdivisions (a), (b), and (c) of Section 2931.*" (§ 2933, subd. (e), added by Stats. 1988, ch. 121, § 1, No. 4 West's Cal. Legis. Service, p. 410, No. 2 Deering's Adv. Legis. Service, p. 591, italics added.)

Thus, in order to accept the position taken by Oluwa, it must first be found that this amendment was not included in article 2.5 when the electorate approved Proposition 67. To so conclude would do violence to the clearly expressed intent of both the electorate and the Legislature that murderers earn custody credits only at the 1-for-2 rate of section 2931.

We therefore conclude passage of Proposition 67 has no effect on Oluwa's entitlement to earned prison credits. (*In re Thompson\** (Cal.App.).)

CONCLUSION

For all the foregoing reasons, we conclude Proposition 7 adopted the sections of article 2.5 as they read at the time of the election and not as subsequently modified, amended or rewritten. Oluwa may earn custody credits reducing his minimum date of parole eligibility under section 2931 at the rate of 1-for-2 but not at the 1-for-1 rate of section 2933.

law from the time when they were enacted; the new provisions are to be considered as having been enacted at the time of the amendment; and the omitted portions are to be considered as having been repealed at the time of the amendment."

\* Reporter's Note: Opinion (H003949) deleted upon directions of Supreme Court by order dated February 16, 1989.

## DISPOSITION

The alternative writ heretofore issued is discharged. The petition for the writ of habeas corpus is denied.

Danielson, J., and Croskey, J., concurred.

Petitioner's application for review by the Supreme Court was denied April 19, 1989.