101 Cal.Rptr.2d 1 (2000)
84 Cal.App.4th 749
The PEOPLE, Plaintiff and Respondent,
v.
Bruce Edward COOPER, Defendant and Appellant.
No. A087483.
Court of Appeal, First District, Division Five.
November 1, 2000.
Review Granted February 14, 2001.
Louis Marinus Wijsen, Alameda, under appointment by the Court of Appeal, Counsel for Defendant/Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Ronald A. Bass, Assistant Attorneys General, Michael E. Banister, Christina V. Kuo, Deputy Attorneys General, Counsel for Plaintiff/Respondent.
Certified for Partial Publication.[1]
RIVERA, J.[*]
Defendant was charged with the murder of his wife, and the jury found him guilty of second degree murder.[2] In the unpublished portion of this opinion we discuss defendant's assertion that the trial court should have instructed the jury on the lesser included offense of voluntary manslaughter. In the published portion we review whether the trial court miscalculated defendant's sentencing credits. We conclude that the sentence must be modified but the conviction otherwise affirmed.

Facts[**]

Discussion

I. Instruction on Voluntary Manslaughter[**]

II. Sentencing Credits
Defendant was sentenced under Penal Code[6] section 190 to 15 years to life. *2 At the time of the offense, section 190 allowed prisoners convicted of murder to earn custody credits so as to reduce their minimum term. Subdivision (a) of section 190 provided: "Except as provided in subdivision (b) [relating to murder of a peace officer], Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term of 15, 20, or 25 years in the state prison imposed pursuant to this section, but the person shall not otherwise be released on parole prior to that time." (As amended by Stats.1993, ch. 609, § 3, p. 3266; Prop. 179, as approved by voters, Prim. Elec. (June 7,1994).)[7]
The trial court awarded defendant sentencing credits of 336 days for actual time served plus 50 days of preconviction good time/worktime credits. The latter figure was calculated pursuant to section 2933.1, which limits the presentence conduct credits for persons convicted of a violent felony to 15 percent of the time served.[8] Defendant argues that the trial court erred in applying the 15 percent limitation of section 2933.1, that the court should have awarded him conduct credits of 168 days.[9] (Presumably defendant relies upon section 4019, although he cites only section 2931, which pertains to postconviction credits for good behavior and participation.)
By its terms, section 2933.1, subdivision (c), expressly overrides section 4019 and limits the presentence conduct credits for violent felons: "Notwithstanding Section 4019 or any other provision of law, the maximum credit' that may be earned against a period of confinement in, or commitment to, a county jail ... shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." (Italics added.) There is no question that section 2933.1 puts a limit on presentence credits. (People v. Sylvester (1997) 58 Cal.App.4th 1493, 68 Cal. Rptr.2d 716; People v. Aguirre, supra, 56 Cal.App.4th at pp. 1138-1141, 66 Cal. Rptr.2d 77; see People v. Thomas (1999) 21 Cal.4th 1122, 1130, 90 Cal.Rptr.2d 642, 988 P.2d 563; People v. Caceres (1997) 52 Cal.App.4th 106, 110-111, 60 Cal.Rptr.2d 415; People v. Ramos (1996) 50 Cal. App.4th 810, 818-824, 58 Cal.Rptr.2d 24.)
Defendant's argument runs as follows: Defendant was sentenced under section 190, which was adopted by initiative (the so-called "Briggs Initiative") in November 1978. At that time, section 190 provided that the provisions of Article 2.5 applied to reduce the minimum term imposed.[10] The *3 reference to Article 2.5 pertains to Article 2.5 as it existed in November 1978. Section 2933.1 was not added to Article 2.5 until 1994, when it was adopted by the Legislature. By constitutional mandate, an initiative can be amended only upon approval of the voters. (Cal. Const., art. II, § 10, subd. (c).) Hence, section 2933.1 cannot apply to defendant's sentence imposed under section 190.[11]
The Attorney General's response to the argument is sparse. The Attorney General cites People v. Ramos, supra, 50 Cal. App.4th 810, 58 Cal.Rptr.2d 24, for the proposition that "section 2933.1 applies to the offender not to the offense" (id. at p. 817, 58 Cal.Rptr.2d 24) and therefore section 2933.1 applies even if the felony occurred prior to the statute's effective date. But that was not the issue decided in Ramos. Rather, the question there was whether the limitations of section 2933.1 applied not only to the defendant's sentence for armed robbery, a violent felony, but also to his sentence for possession of methamphetamine. The court concluded that section 2933.1 limits the credits for "any person" convicted of a violent felony and thus applied to the consecutive term as well. (See also People v. Aguirre, supra, 56 Cal.App.4th at p. 1141, 66 Cal. Rptr.2d 77 [§ 2933.1 applies to both murder sentence and to three-year weapon enhancement].)
In the present case, defendant was convicted only of second degree murder. There is no question that section 2933.1, if it applies, would limit defendant's presentence credits. The question before us, which the Attorney General has not directly addressed, is whether section 2933.1 can validly be applied.
In re Oluwa (1989) 207 Cal.App.3d 439, 255 Cal.Rptr. 35 is on point. There the defendant had been convicted of second degree murder and sentenced to 15 years to life under section 190, the Briggs Initiative. As noted, section 190 allowed a reduction of the minimum term in accordance with Article 2.5, and when the Briggs Initiative was passed by the voters in 1978 Article 2.5 contained only sections 2930, 2931, and 2932. In 1982, however, the Legislature added sections 2933, 2934, and 2935, which give prisoners more generous credits. The question posed in Oluwa. was whether the defendant was entitled to the benefit of the subsequent additions to Article 2.5. The court concluded he was not, relying upon the principle of statutory construction that when a statute adopts by specific reference the provisions of another statute, such provisions are incorporated in the form they exist at the time of the reference and not as subsequently modified. (In re Oluwa, supra, 207 Cal.App.3d at pp. 442-43, 445, 255 Cal.Rptr. 35.)
The Oluwa court recognized the cognate rule that when the reference is general rather than specific, such as a reference to a body of laws, then the referring statute takes the laws referred to not only in their contemporary form but also as they may be changed from time to time. But the court concluded that the reference within section 190 to Article 2.5 was a specific and pointed reference to the then-existing three particular code sections, not a general reference to the body of laws related to the subject at hand. Accordingly, the court held that the newly-enacted section 2933 could not be applied. (In re Oluwa, supra, 207 Cal.App.3d at p. 445, 255 Cal.Rptr. 35.)
The court emphasized that the voters had been told of the conduct credits in the analysis accompanying the Briggs Initiative, *4 but the analysis had advised the voters that persons sentenced to 15 years to life would have to serve at least 10 years before becoming eligible for parole. The court concluded that to apply the more liberal credits of subsequently-enacted section 2933 would be contrary to the voters' intent. (In re Oluwa, supra, 207 Cal. App.3d at p. 445, 255 Cal.Rptr. 35.)
Finally, the court reasoned that the additions to Article 2.5 constituted a legislative change to the Briggs Initiative that required voter approval pursuant to article 11. section 10, of the California Constitution:[12] "To allow Oluwa the custody credits he seeks would permit the Legislature to amend the provisions of [the Briggs Initiative] by reducing the amount of time a second degree murderer must serve before being eligible for a parole hearing without submitting that matter to the voters. The Legislature should not be permitted to do indirectly that which it cannot do directly." (In re Oluwa, supra, 207 Cal.App.3d at p. 446, 255 Cal.Rptr. 35.)[13]
In the present case we are faced with the converse situation: the Legislature has added section 2933.1, which restricts the custody credits not only for prisoners but also for detainees.[14] Is the present case distinguishable? Unlike the expansion of credits in Oluwa, the limitation of credits by section 2933.1 would not directly contradict the intention of the electorate in approving the Briggs Initiative. Yet, the limitation of credits effects no less an amendment of section 190.
An amendment is defined as "`"`any change of the scope or effect of an existing statute, whether by addition, omission, or substitution of provisions, which does not wholly terminate its existence, whether by an act purporting to amend, repeal, revise, or supplement, or by an act independent and original in form, ...' [Citation.] A statute which adds to or takes away from an existing statute is considered an amendment. [Citation.]" ...' [Citations.]" (Proposition 103 Enforcement Project v. Quackenbush (1998) 64 Cal. App.4th 1473, 1484-1485, 76 Cal.Rptr.2d 342 [Ins.Code, § 769.2 invalid as an attempted amendment to Prop. 103 regarding rollback of insurance premiums]; see also Franchise Tax Bd. v. Cory (1978) 80 Cal.App.3d 772, 777, 145 Cal.Rptr. 819 [language in budget item restricting use of funds for audits invalid as an amendment to Political Reform Act of 1974, an initiative statute].) Here, the enactment of section 2933.1 changes the effect of Article 2.5 and, thereby, of section 190 by changing the method for calculating prison good time credits and by applying a 15 percent limitation to presentence county jail time as well.
There appears to be no merit to the Attorney General's assertion that although credits cannot be increased without voter approval, sentencing credits may be reduced by statute without voter approval. The Attorney General cites People v. Aguirre, supra, 56 Cal.App.4th 1135, 66 Cal.Rptr.2d 77, and People v. Ruiz (1996) *5 44 Cal.App.4th 1653, 52 Cal.Rptr.2d 561, but neither is on point. In Aguirre, no question was raised as to whether section 2933.1 is valid as an amendment to section 190 without voter approval. In Ruiz the question was whether the legislative version of the Three Strikes law, doubling the minimum term for repeat offenders, was an invalid amendment of section 190 without voter approval. The court concluded it was not, reasoning that the Three Strikes law provides a separate sentencing scheme under which the defendant could be sentenced in lieu of section 190. (People v. Ruiz, supra, at pp. 1658-1661, 52 Cal. Rptr.2d 561.) In so holding, the Ruiz court relied on People v. Jenkins (1995) 10 Cal.4th 234, 245, 40 Cal.Rptr.2d 903, 893 P.2d 1224, in which the court held that section 190 merely established a minimum term of imprisonment for murderers but the Briggs Initiative did not preclude a murderer from receiving a greater sentence under another sentencing scheme (in particular, section 667.7 concerning habitual offenders).
As defendant correctly points out, both Ruiz and Jenkins are distinguishable in that they involved evaluations of separate sentencing schemes which exist as an alternative to section 190. In the present case, in contrast, defendant was sentenced only under section 190. Section 2933.1 expressly applies to any sentencing scheme: "The 15 percent limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law." (§ 2933.1, subd. (b), italics added.) The question of defendant's entitlement to full presentence credits or limited presentence credits centers solely on section 190 and whether the reference within section 190 to Article 2.5 includes section 2933.1.
We conclude that the reasoning of Oluwa must be applied here. (See In re Jovan B. (1993) 6 Cal.4th 801, 816, fn. 10, 25 Cal.Rptr.2d 428, 863 P.2d 673, citing In re Oluwa, supra, 207 Cal.App.3d 439, 255 Cal.Rptr. 35 with approval.) The addition of section 2933.1 to Article 2.5 is indistinguishable from the addition of section 2933 for purposes of statutory interpretation and constitutional analysis. Based upon Oluwa, we hold that defendant's presentence credits must be determined without consideration of section 2933.1.
We disagree, however, with defendant's assertion that the trial court should be directed to state in the abstract of judgment that defendant's future credits earned in prison may not be restricted by the application of section 2933.1. First, the trial court determines only presentence credits; prison credits are determined by the Department of Corrections. (People v. McCutcheon (1986) 187 Cal. App.3d 552, 560, 232 Cal.Rptr. 159; see People v. Goodloe, supra, 37 Cal.App.4th at pp. 495-496, 44 Cal.Rptr.2d 15.) Our only concern here has been with the effect of section 2933.1 upon defendant's presentence credits. Defendant must pursue his administrative remedies to challenge the prison credits determined by the Department of Corrections. In any event, for prisoners, as distinct from detainees, section 2933.1 restricts only worktime credits of section 2933. (§ 2933.1, subd. (a); People v. Palacios (1997) 56 Cal.App.4th 252, 258, 65 Cal.Rptr.2d 318.) Defendant is not eligible for worktime credits under section 2933 anyway. (See fn. 13, ante.)[15]

*6 Disposition
The judgment is modified to state that defendant is entitled to 504 days of credit (336 for actual local time served in custody and 168 days for local conduct credits). The trial court is directed to submit an amended abstract of judgment to the Department of Corrections. As so modified, the judgment is affirmed.
JONES, P.J., and STEVENS, J., concur.
NOTES
[1] Pursuant to California Rules of Court, rules 976(b) and 976.1, the Facts and part I of this opinion are not certified for publication.
[*] Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
[2] Defendant was sentenced to 15 years to life for murder plus one year for the personal use of a weapon.
[**] See footnote 1, ante.
[6] All undesignated section references are to the Penal Code.
[7] Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 will be hereafter referred to as Article 2.5.
[8] Section 2933.1 provides: "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933. [H] (b) The 15 percent limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law. However, nothing in subdivision (a) shall affect the requirement of any statute that the defendant serve a specified period of time prior to minimum parole eligibility, nor shall any offender otherwise statutorily ineligible for credit be eligible for credit pursuant to this section. [H] (c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a). [H] (d) This section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative." (Stats. 1994, ch. 713, § 1, eff.Sept.21, 1994.)
[9] Defendant's failure to object below to his presentence credits does not waive the issue on appeal. (People v. Aguirre (1997) 56 Cal. App.4th 1135, 1139, 66 Cal.Rptr.2d 77.)
[10] Defendant's brief is confusing, because it contains a quote from subdivision (e) of the current version of section 190, which now provides that the provisions of Article 2.5 do not apply to a murder sentence. (See fn. 11, post.)
[11] Section 190 was subsequently amended to provide that the provisions of Article 2.5 do not apply and a person sentenced under section 190 for murder must serve the full length of the minimum term. (§ 190, subd. (e).) This change was adopted by the Legislature in 1996 and again in 1997, but the amendments were not submitted to the voters for approval until June 1998. (Stats.1996, ch. 598, § 1; Stats.1997. ch. 413, § 1; Prop. 222, as approved by voters, Prim. Elec. (June 2, 1998).) The offense in this case occurred in May 1998.
[12] Article II, section 10, subdivision (c), of the California Constitution provides that the Legislature "may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without their approval."
[13] In 1988 section 2933 [worktime credits] was amended to add that "(e) Any person sentenced to a term in the state prison under subdivision (a) of Section 190 shall be eligible only for credit pursuant to subdivisions (a), (b), and (c) of Section 2931 [good time credits]." (Stats.1988, ch. 121, § 1, p. 497, eff. May 31, 1988.) This change to Article 2.5 was in place and was made conditional upon approval of the amendment to section 190 by the voters at the June 7, 1988 election. (Stats.1988, ch. 121, §§ 1, 2, pp. 496-497.) Thus, murderers sentenced under section 190 have not been entitled to worktime credits; they have been eligible only for good time credits. (See People v. Goodloe (1995) 37 Cal.App.4th 485, 489, 44 Cal.Rptr.2d 15.)
[14] Section 2933.1 was adopted as an urgency measure effective September 21, 1994. (People v. Camba (1996) 50 Cal.App.4th 857, 57 Cal.Rptr.2d 907.)
[15] We also disagree with defendant's assertion that his credits must be calculated under Article 2.5 as it existed in 1978. Article 2.5 was amended in 1988, as was section 190. (See fn. 13, ante.) Both Article 2.5 and section 190 were again amended in 1994, and the amendments were approved by the voters. (Stats.1993, ch. 609. § 3, p. 3266; Stats.1994, ch. 7, § 2; Stats.1994, ch. 90, §§ 1, 2; Prop. 179, as approved by voters, Prim. Elec. (June 7, 1994).) Defendant concedes he was sentenced under section 190 as it was amended in 1994. The reference to Article 2.5 within the 1994 version of section 190 must necessarily be to Article 2.5 in effect at that time, i.e., with the changes in 1988 and 1994.

As a practical matter, however, there are no differences between the 1978 version and the 1994 version of Article 2.5 that would affect defendant's sentence. Worktime credits (section 2933) were not a part of Article 2.5 in 1978. Section 2933 was enacted by legislation in 1982 but held inapplicable to murderers. (In re Oluwa, supra, 207 Cal.App.3d 439, 255 Cal.Rptr. 35.) When section 2933 was changed in 1988, a provision was added to make murderers ineligible for worktime credits. (See fn. 13, ante.)