104 Cal.Rptr.2d 700 (2001)
87 Cal.App.4th 567
The PEOPLE, Plaintiff and Respondent,
v.
Christopher Daniel BURGESS, Defendant and Appellant.
No. C032143.
Court of Appeal, Third District.
March 1, 2001.
Review Granted May 23, 2001.
*701 Victor J. Morse, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, John A. O'Sullivan, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
CALLAHAN, J.
A jury convicted defendant Christopher Daniel Burgess of first degree murder (Pen.Code, § 187, subd. (a)count one), assault by a caretaker on a child with force likely to produce great bodily injury which resulted in death (§ 273abcount two),[1] and infliction of cruel or inhuman corporal punishment on a child which resulted in a traumatic condition (§ 273dcount three). Defendant admitted he had served two prior prison terms. (§ 667.5, subd. (b).) The court sentenced defendant to an aggregate term of 27 years to life: 25 years to life in count one; 25 years to life in count two, which was stayed pursuant to section 654; six years in count three, also stayed pursuant to section 654; and one year for each of the two prior prison term enhancements, consecutive to the term already imposed.
On appeal, defendant contends he is entitled to reversal because the prosecutor committed misconduct, the court provided an inadequate response to a spectator's behavior, and there is insufficient evidence to support his conviction of first degree murder in count one. Defendant also argues the court erred in applying the 15 percent limitation on presentence custody credits and in imposing and staying a sentence of 25 years to life in count two.
As we will explain in the published portion of this opinion, we conclude the court did not err in imposing the 15 percent limitation on defendant's presentence custody credits pursuant to section 2933.1. In the unpublished part of this opinion, we conclude the court erred in sentencing defendant in count two, but reject defendant's other claims of error. Accordingly, we modify the sentence to a stayed term of 15 years to life in count two and affirm the judgment in all other respects.

*702 FACTUAL AND PROCEDURAL BACKGROUND[**]

I-IV[***]

V

Limitation on Presentence Custody Credits
At sentencing, the court awarded defendant 852 days of presentence custody credits, including 741 days of actual time and 111 days of conduct credit calculated at 15 percent. Defendant says the court erred in imposing the 15 percent limitation on conduct credits, arguing section 2933.1 is inapplicable to his sentence.[6] Specifically, defendant contends enactment of section 2933.1 by the Legislature in 1994 did not lawfully change the calculation of presentence credits for convicted murderers sentenced under section 190, an initiative measure passed by the voters in 1978,[7] because section 2933.1 was not approved by the voters.
We begin by rejecting the Attorney General's argument that defendant's claim that the court miscalculated presentence credits is not properly before us. (See People v. Aguirre (1997) 56 Cal.App.4th 1135, 1139, 66 Cal.Rptr.2d 77; People v. Acosta (1996) 48 Cal.App.4th 411, 427, 55 Cal.Rptr.2d 675.) On the merits, we conclude there was no error.
The voters amended section 190 on November 7, 1978, by passage of Proposition 7, commonly known as the Briggs Initiative, to increase the punishment for first degree murder to a minimum of 25 years for those sentenced to life with the possibility of parole. (Deering's Ann. Pen. Code (1985 ed.) foll. § 190, p. 82; Ballot Pamp., Gen. Elec. (Nov. 7, 1978) text and argument in favor of Prop. 7, pp. 32, 33; People v. Bright (1996) 12 Cal.4th 652, 662, fn. 7, 49 Cal.Rptr.2d 732, 909 P.2d 1354.) The purpose of the Briggs Initiative was to substantially increase the punishment for persons convicted of first and second degree murder. (In re Jeanice D. (1980) 28 Cal.3d 210, 219, 617 P.2d 1087; 70 Ops.Cal. Atty.Gen. 49, 55-56 (1987).) Subsequent voter initiatives to amend section 190 are consistent with this purpose. (See Stats. 1987, ch. 1006, § 1, pp. 3367-3368; Ballot Pamp., Primary Elec. (June 7, 1988) analysis and text of Prop. 67, pp. 8-9; Stats. 1993, ch. 609, § 3, p. 3266; Ballot Pamp., Primary Elec. (June 7, 1994) analysis, text, and argument in favor of Prop. 179, pp. 22-23, 29.) Indeed, the current version of section 190, inapplicable in this case, eliminates the award of credits altogether. (Stats.1998, ch. 760, § 6; Ballot Pamp., Primary Elec. (June 2, 1998) analysis, text, and argument in favor of Prop. 222, pp. 14-15, 67-68.)
A statute enacted by voter initiative may be changed only with the approval of the electorate unless the initiative measure itself permits amendment or repeal without voter approval. (Cal. Const., art. II, § 10, subd. (c).) The Briggs Initiative did not authorize the Legislature to amend its provisions without voter approval. (In re Oluwa (1989) 207 Cal.App.3d 439, 445-446, 255 Cal.Rptr. 35 (Oluwa).) Thus, in Oluwa, the court rejected defendant's argument *703 he was entitled to the benefit of a more generous credit provision enacted by the Legislature after voters approved the Briggs Initiative in 1978. (Id. at p. 443, 255 Cal.Rptr. 35.) It concluded the new credit provision was contrary to the voter's intent, and emphasized "[t]he Legislature should not be permitted to do indirectly that which it cannot do directly." (Id. at p. 446, 255 Cal.Rptr. 35.) Defendant relies on Oluwa in arguing section 2933.1's more restrictive credit provisions are inapplicable in the case before us.
The issue is not as simple as defendant suggests. More recent California cases suggest that although the California Constitution prevents the Legislature from reducing the punishment for murder without voter approval (Oluwa, supra, 207 Cal. App.3d at pp. 445-446, 255 Cal.Rptr. 35), given the purpose of the Briggs Initiative, there is no bar to the Legislature increasing the punishment for that crime either directly, by increasing the term, or indirectly, by limiting credits, without submitting the question to the electorate. (People v. Jenkins (1995) 10 Cal.4th 234, 245, 40 Cal.Rptr.2d 903, 893 P.2d 1224, fn. 7 (Jenkins); People v. Ruiz (1996) 44 Cal. App.4th 1653, 1661, 1656-1657, 52 Cal. Rptr.2d 561 (Ruiz).)
Jenkins held that a defendant convicted of murder, and otherwise eligible for sentencing under section 190, must be sentenced under section 667.7, a more severe sentencing scheme for violent, habitual offenders enacted by the Legislature, if he or she meets the requirements of that statute. (Jenkins, supra, 10 Cal.4th at pp. 238, 243, 246, 40 Cal.Rptr.2d 903, 893 P.2d 1224.) In reaching this decision, the Supreme Court considered and rejected the holding of In re Diaz (1993) 13 Cal. App.4th 1755, 1760, 17 Cal.Rptr.2d 395, that all persons convicted of murder must be sentenced under section 190. Jenkins explained that contrary to the Diaz court's construction of section 190, "the term prescribed by section 190 establishes a `floor,' i.e., a minimum term of imprisonment that a person convicted of murder is required to serve, and does not establish that a murderer must be sentenced under this statute to the exclusion of any other sentencing scheme. Section 190 refers to persons convicted of murder, but neither this statute nor any other provision of the initiative indicates that the electorate intended to preclude a murderer from receiving a total sentence that is greater than the term provided under section 190 where other factors, in addition to the fact of the conviction of murder, are present that increase the defendant's culpability or otherwise warrant greater punishment." (Jenkins, supra, 10 Cal.4th at p. 245-246, fn. 7, 40 Cal.Rptr.2d 903, 893 P.2d 1224, emphasis added.) Ruiz applied the rationale of Jenkins to hold that the legislative version of the "Three Strikes" law is not an invalid modification of the Briggs Initiative. (Ruiz, supra, 44 Cal.App.4th at pp. 1656-1657, 52 Cal.Rptr.2d 561.)
Defendant maintains the rationale of Jenkins and Ruiz does not apply to the credit limitation imposed by section 2933.1. "[U]nlike the sentencing provisions of sections 667 and 667.7 at issue in Jenkins and Ruiz, section 2933.1 does not purport to impose a greater sentence only `where other factors, in addition to the fact of the conviction of murder, are present.....'" Here, he argues, "section 2933.1 purports to override completely the credits provisions of section 190 in every convicted murderer's case." We reject defendant's argument.
Although section 2933.1 is not a separate sentencing scheme like those at issue in Jenkins and Ruiz, it does adopt a different and more restrictive formula for calculating credits for all persons convicted of violent felonies. (§ 2933.1, subd. (a); § 667.5, subd. (c).) The manifest purpose of section 2933.1 is to limit the presentence conduct credits awarded violent felons. It was adopted as an urgency measure in order to protect the public from dangerous repeat offenders who otherwise would be released. (People v. Sylvester (1997) 58 *704 Cal.App.4th 1493, 1496, 68 Cal.Rptr.2d 716.) It does not, therefore, purport to override the credit provisions of section 190 "in every convicted murderer's case." Instead, it applies only to persons convicted of first or second degree murder and sentenced to 25 or 15 years to life with the possibility of parole. Moreover, defendant's reading of sections 190 and 2933.1 would mean that a person convicted of murder, and sentenced under section 190 to 25 or 15 years to life with the possibility of parole, would be entitled to more presentence conduct credits than a person convicted of attempted murder and subject to the 15 percent limitation of section 2933.1. Neither the Legislature nor the electorate could have intended this anomalous result.
We believe that in this case the Legislature's public safety concerns regarding violent felons entitled to parole is a "factor[ ], in addition to the fact of the conviction of murder" which "warrant[s] greater punishment." (Jenkins, supra, 10 Cal.4th at pp. 245-246, fn. 7, 40 Cal. Rptr.2d 903, 893 P.2d 1224.) We therefore conclude it was unnecessary for voters to approve section 2933.1. Accordingly, the court did not err in applying the 15 percent limitation in sentencing defendant.

DISPOSITION
The stayed sentence in count two is modified to 15 years to life, and the judgment is affirmed as modified. The court is directed to amend the abstract of judgment, and forward the amended abstract to the Department of Corrections.
NICHOLSON, Acting P.J., and HULL, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, the introduction (first three paragraphs) and Part V (Limitation on Presentence Custody Credits) of this opinion is certified for publication.
[1] Undesignated statutory references are to the Penal Code.
[**] See footnote *, ante.
[***] See footnote *, ante.
[6] Section 2933.1, subdivision (a), provides that "any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit. Murder is among the violent felonies listed in section 667.5, subdivision (c).
[7] In 1998, section 190 read in relevant part: "(a) Every person guilty of murder in the first degree shall suffer death, confinement in the state prison for life without the possibility of parole, or confinement in the state prison for a term of 25 years to life.... [¶] Except as provided in subdivision (b), [applicable to persons guilty of second degree murder of a peace officer] Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term of 15, 20, or 25 years in the state prison imposed pursuant to this section, but the person shall not otherwise be released on parole prior to that time." (Stats.1993, ch. 609, § 3, p. 3266.)