Filed 12/10/20  P. v. White CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073080 |
| v. | (Super.Ct.No. FWV024044) |
| EDWARD WHITE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Reversed.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorney General as Amicus Curiae on behalf of Defendant and Appellant.

Jason Anderson, District Attorney, and James R. Secord, Deputy District Attorney, for Respondent and Defendant.

1

I.

BACKGROUND

On January 1, 2019, Senate Bill No. 1437 became effective. (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015).) The legislation made several changes to the law of murder, including enacting Penal Code section[1] 1170.95, which provides a procedure by which certain defendants previously convicted of murder could, under certain circumstances, petition to vacate the conviction as inconsistent with the law as modified by Senate Bill No. 1437.

Defendant and appellant, Edward White, Jr., filed a petition under section 1170.95 to vacate his 2003 murder conviction. Plaintiff and respondent, the San Bernardino County District Attorney's Office (the People), moved to strike the petition on the ground that Senate Bill No. 1437 is unconstitutional. The trial court granted the People's motion, finding that Senate Bill No. 1437 violates the constitutional rights of victims to "'finality in their criminal cases.'"

Defendant timely appealed. Defendant asserts the trial court erred in concluding that Senate Bill No. 1437 is unconstitutional. The Attorney General's Office filed an amicus brief agreeing with defendant's claims of error. We agree and reverse.

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

II.

DISCUSSION

A. *Background*[2]

　1. *Proposition 7*

"Proposition 7, the so-called Briggs Initiative, enacted by the electorate on November 7, 1978, effected a number of changes in the criminal law." (*In re Oluwa* (1989) 207 Cal.App.3d 439, 442.) "The purpose of [Proposition 7] was to substantially increase the punishment for persons convicted of first and second degree murder." (*People v. Cooper* (2002) 27 Cal.4th 38, 42.)

Among other things, Proposition 7 "rewrote" section 190, which outlines the penalties for murder. (*In re Oluwa, supra*, 207 Cal.App.3d at pp.442-443.) Specifically, Proposition 7 "increased the punishment for first degree murder from an indeterminate term of life imprisonment to a term of 25 years to life, and for second degree murder from a term of five, six, or seven years to 15 years to life in state prison." (*People v. Cooper, supra*, 27 Cal.4th at pp. 41-42.) Proposition 7 also "added several special circumstances to section 190.2 . . . , expanded the list of felonies subject to the 'felony-murder' special circumstance, and deleted the requirement that a felony murder be willful, deliberate, and premeditated." (*People v. Weider* (1985) 39 Cal.3d 836, 844; see

_____

[2] The factual background underlying defendant's case is not relevant to the issues on appeal.

3

Prop. 7, § 6.)[3] Under Proposition 7, a special circumstance warranting the death penalty or a life sentence is if the "murder was committed while the defendant was engaged in or was an accomplice in the commission of, attempted commission of, or the immediate flight after committing or attempting to commit" one of nine enumerated felonies. (Prop. 7, § 6.)

Proponents of Proposition 7 argued it would "give every Californian the protection of the nation's toughest, most effective death penalty law." (Ballot Pamp., Gen. Elec. (Nov. 7, 1978) at p. 34.) They claimed Proposition 7 was necessary to replace the "weak and ineffective" death penalty law that had recently been passed by "anti-death penalty politicians" in the Legislature. (Ballot Pamp., Gen. Elec. (Nov. 7, 1978) at p. 34.) To that end, Proposition 7 "did not authorize the Legislature to amend its provisions without voter approval." (*People v. Cooper*, *supra*, 27 Cal.4th at p. 44.)

2. *Proposition 115*

"Proposition 115, the 'Crime Victims Justice Reform Act,' changed criminal law in several respects on June 6, 1990." (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 286.) Among other things, Proposition 115 amended section 189, the felony-murder statute, "to add kidnapping, train wrecking, and various sex offenses to the list of felonies supporting a charge of first degree murder." (*Raven v. Deukmejian* (1990) 52 Cal.3d 336, 344.) Proposition 115 also added section 190.2, subdivision (c) that "[e]very person, not

_____

[3] We grant the People's December 27, 2019 request for judicial notice. (Evid. Code, §§ 450 et seq.)

4

the actual killer who, with the intent to kill, aids . . . or assists any actor in the commission of murder in the first degree shall suffer death or" a life sentence, if one or more of the special circumstances outlined in section 190.2, subdivision (a) is found true. (Prop. 115, § 10.) One such circumstance, added by Proposition 7, is if the murder occurred during the commission of certain enumerated offenses outlined in section 190.2, subdivision (a)(17). (§ 190.2, subd. (a)(17).) Those enumerated offenses include mayhem (§ 203) and rape by instrument (§ 289). (Prop. 115, §§ 9, 10.)

Proposition 115 also added section 190.2, subdivision (d), which provides that, "[n]otwithstanding subdivision (c)" of section 190.2, anyone who acts "with reckless indifference to human life," is a "major participant" in certain felonies outlined in section 190.2, subdivision (a)(17), and who is therefore found guilty of first degree murder because someone was killed during the commission of the felony (or felonies), "shall suffer death" or a life sentence. (Prop. 115, § 10.)

Proposition 115 provided it could be amended only by the voters or through a law passed by two-thirds of both chambers of the Legislature. (1990 Ballot Pamp. (June 5, 1990) text of Prop. 115, § 30, 69.)

### 3. *Senate Bill No. 1437*

On September 30, 2018, the Governor signed Senate Bill No. 1437. "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending sections 188 and 189, as well as by adding . . . section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722-723 (*Martinez*).)

An uncodified section of the law expressing the Legislature's findings and declarations states the law was "necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It further provides that the legislation was needed "to limit convictions and subsequent sentencing so that the law of California fairly addresses the culpability of the individual and assists in the reduction of prison overcrowding, which partially results from lengthy sentences that are not commensurate with the culpability of the individual." (Stats. 2018, ch. 1015, § 1, subd. (e).)

Prior to Senate Bill No. 1437's enactment, a person who knowingly aided and abetted a crime, the natural and probable consequence of which was murder or attempted

6

murder, could be convicted of not only the target crime but also of the resulting murder or attempted murder. (*People v. Chiu* (2014) 59 Cal.4th 155, 161; *In re R.G.* (2019) 35 Cal.App.5th 141, 144.) "This was true irrespective of whether the defendant harbored malice aforethought. Liability was imposed '"for the criminal harms [the defendant] . . . naturally, probably, and foreseeably put in motion." [Citations.]' [Citation.]" (*In re R.G.*, *supra*, at p. 144.) "The purpose of the felony-murder rule [was] to deter those who commit[ted] the enumerated felonies from killing by holding them strictly responsible for any killing committed by a cofelon, whether intentional, negligent, or accidental, during the perpetration or attempted perpetration of the felony." (*People v. Cavitt* (2004) 33 Cal.4th 187, 197.) Aider and abettor liability under the doctrine was thus "vicarious in nature." (*People v. Chiu*, *supra*, at p. 164.)

Senate Bill No. 1437 "redefined 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on [his or her] participation in a crime.' (§ 188, subd. (a)(3).)" (*In re R.G.*, *supra*, 35 Cal.App.5th at p. 144.) "Senate Bill [No.] 1437 also amended section 189, which defines first and second degree murder, by, among other things, adding subdivision (e). Under that subdivision, a participant in enumerated crimes is liable under the felony-murder doctrine only if he or she was the actual killer; or, with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life." (*People v. Munoz* (2019) 39 Cal.App.5th 738, 749; § 189, subd. (e);

7

Stats. 2018, ch. 1015, § 3; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1099-1100, review granted Nov. 13, 2019, S258175; *Martinez, supra*, 31 Cal.App.5th at p. 723.) "Senate Bill [No.] 1437 thus ensures that murder liability is not imposed on a person who did not act with implied or express malice," or—when the felony murder doctrine is at issue—"was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Munoz, supra*, at pp. 749-750; Stats. 2018, ch. 1015, § 1, subds. (f), (g); *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147; *Martinez, supra*, at p. 723.)

Senate Bill No. 1437 also added section 1170.95, which permits persons convicted of murder under a felony murder or natural and probable consequences theory to petition in the sentencing court for an order vacating their convictions and allowing defendant to be resentenced. (Stats. 2018, ch. 1015, § 4; *Martinez, supra*, 31 Cal.App.5th at p. 723.) An offender may file a section 1170.95 petition if he or she was prosecuted under a felony murder or natural and probable consequences theory, but under amended sections 188 or 189, could not have been convicted of first or second degree murder. (§ 1170.95, subd. (a).) If the petitioner makes a prima facie showing that he or she is entitled to relief, the trial court must conduct a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1); *Martinez, supra*, at pp. 723-724.) At such a hearing, both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence. (§ 1170.95, subd. (d)(3).) "[T]he burden of proof

8

shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3); *Martinez, supra*, at pp. 723-724.)

If the petitioner is found eligible for relief, the murder conviction must be vacated and the petitioner resentenced "on any remaining counts in the same manner as if the petitioner had not been [sic] previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) If the petitioner is found eligible for relief, but "murder was charged generically[] and the target offense was not charged," the petitioner's murder conviction must be "redesignated as the target offense or underlying felony for resentencing purposes." (§ 1170.95, subd. (e).)

D. *Standard of Review and Applicable Law*

We review the trial court's conclusion that Senate Bill No. 1437 is unconstitutional under the de novo standard of review. (*Gardner v. Schwarzenegger* (2009) 178 Cal.App.4th 1366, 1374.)

Article II, section 10, subdivision (c) of the California Constitution provides that "[w]hen a statute enacted by the initiative process is involved, the Legislature may amend it only if the voters specifically gave the Legislature that power, and then only upon whatever conditions the voters attached to the Legislature's amendatory powers." (*Proposition 103 Enforcement Project v. Quackenbush* (1998) 64 Cal.App.4th 1473, 1483-1483.) "An amendment is '. . . any change of the scope or effect of an existing statute . . . . A statute which adds to or takes away from an existing statute is considered

9

an amendment."  (*Franchise Tax Board v. Cory* (1978) 80 Cal.App.3d 772, 822; accord, *People v. Kelly* (2010) 47 Cal.4th 1008, 1027.)

"In determining whether a legislative act has amended an existing statute, we examine and compare the provisions of the legislative act or new law with the existing statute."  (*Tesoro Logistic Operations, LLC v. City of Rialto* (2019) 40 Cal.App.5th 798, 807.)  "[W]e simply need to ask whether [the statute] prohibits what the initiative authorizes, or authorizes what the initiative prohibits."  (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)  We must interpret the law to ensure that the voters "get what they enacted, not more and not less."  (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 909.)  The voters' intent is our "paramount consideration."  (*In re Lance W.* (1985) 37 Cal.3d 873, 889.)

We apply "'a strong presumption of constitutionality [to the] Legislature's acts.'" (*Amwest Surety Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1253, 1256.)  Nonetheless, we "have a duty to ""jealously guard"" the people's initiative power, and hence to ""apply a liberal construction to this power wherever it is challenged in order that the right"" to resort to the initiative process ""be not improperly annulled.""" (*People v. Kelly*, *supra*, 47 Cal.4th at p. 1025.)

E. *Analysis*

Because the trial court struck defendant's section 1170.95 petition on the grounds Senate Bill No. 1437 is unconstitutional without addressing the merits of the petition, the only issue we must decide is whether Senate Bill No. 1437 is constitutional. For the reasons below, we conclude that it is.

The People argue Senate Bill No. 1437 is unconstitutional because it (1) unlawfully amended Propositions 7 and 115; (2) violates separation of powers principles; and (3) violates Marsy's Law. Our colleagues in Division One of this district recently addressed—and rejected—these arguments, and held that Senate Bill No. 1437 is constitutional. (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270 (*Gooden*); *People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*).) We note that the issues, arguments, and authorities raised in *Gooden* and *Lamoureux* are virtually identical to those presented here. We agree fully with *Gooden* and *Lamoureux* and adopt their analysis here. We briefly outline their core holdings, which apply fully here.

*Gooden* found Senate Bill No. 1437 does not unconstitutionally amend Proposition 7, which increased the punishment for first and second degree murder and expanded special circumstance murder. (*Gooden*, *supra*, 42 Cal.App.5th at pp. 280-286.) *Gooden* noted Senate Bill No. 1437 does not speak to the penalties for murder; rather, it amends the mental state required for murder. (*Gooden*, *supra*, at p. 287.) The court explained: Senate Bill No. 1437 did not amend Proposition 7 because it did not "address the same subject matter [as Proposition 7]. It did not prohibit what Proposition 7

11

authorizes by, for example, prohibiting a punishment of 25 years to life for first degree murder or 15 years to life for second degree murder. Nor did it authorize what Proposition 7 prohibits by, for instance, permitting a punishment of less than 25 years for first degree murder or less than 15 years for second degree murder. In short, it did not address punishment at all. Instead, it amended the mental state requirements for murder, which 'is perhaps as close as one might hope to come to a core criminal offense "element."'" (*Gooden*, *supra*, at p. 282, citing *Apprendi v. New Jersey* (2000) 530 U.S. 466, 493.)

Because Senate Bill No. 1437 and Proposition 7 concerned different subjects, the *Gooden* court concluded Proposition 7 did not foreclose the Legislature from enacting Senate Bill No. 1437 to amend the mental state requirements for murder under the felony-murder rule and the natural and probable consequences doctrine. (*Gooden*, *supra*, 42 Cal.App.5th at pp. 282-286.) *Gooden*'s analysis applied to all the legislative amendments effectuated by Senate Bill No. 1437, including section 1170.95. (*Gooden*, *supra*, at p. 286.)

*Gooden*, *supra*, 42 Cal.App.5th at page 288, similarly found Senate Bill No. 1437 does not amend Proposition 115, which made more offenses eligible for felony murder. The *Gooden* court explained, again, Senate Bill No. 1437 "did not augment or restrict the list of predicate felonies on which felony murder may be based" but instead "amended the mental state necessary for a person to be liable for murder." (*Gooden*, *supra*, at p. 287.) The court thus concluded that because Senate Bill No. 1437 does not amend

12

Propositions 7 and 115, it does not violate article II, section 10, subdivision (c) of the California Constitution, which provides that the Legislature may amend or repeal an initiative statute only with voter approval, unless the original initiative permits amendment or repeal without voter approval. (*Gooden*, *supra*, at pp. 279, 289.)

Additionally, the court in *Lamoureux*, *supra*, 42 Cal.App.5th at page 246 found Senate Bill No. 1437 does not violate state separation of powers principles. The court explained, first, the bill was part of a broad penal reform to ensure our state's murder laws fairly address individual culpability and to reduce prison overcrowding. (*Lamoureux*, *supra*, at pp. 247, 256.) Having such a purpose, any interference with the executive's power of clemency is merely incidental and not an impermissible encroachment on the core functions of the executive. (*Id*. at p. 256.) Second, the bill does not intrude on a core function of the judiciary by allowing prisoners serving final sentences to seek relief. To the extent retroactive reopening of final judgments implicates individual liberty interests, Senate Bill No. 1437 does not present any risk to those interests. (*Lamoureux*, *supra*, at p. 261.) "On the contrary, it provides potentially ameliorative benefits to the only individuals whose individual liberty interests are at stake in a criminal prosecution," the criminal defendant. (*Ibid*.) Also, the legal landscape is rife with legislation allowing petitioners to reopen final judgments of conviction without regard to their finality as of the effective date of the legislation, for example, Propositions 36 and 47. (*Lamoureux*, *supra*, at pp. 262-263.)

13

Finally, the court in *Lamoureux*, *supra*, 42 Cal.App.5th at pages 264 to 266 found that section 1170.95 does not violate crime victims' rights as enshrined in Marsy's Law. Although Marsy's Law established a victim's right to prompt and final conclusion to postjudgment proceedings, Marsy's Law did not foreclose postjudgment proceedings altogether. (*Lamoureux*, *supra*, at p. 265.) Furthermore, section 1170.95 does not deprive victims of safety-related rights because trial courts may consider that factor when resentencing the defendant on any remaining counts. (*Lamoureux*, *supra*, at pp. 265-266.)

For the reasons thoroughly explained in *Gooden* and *Lamoureux*, which we adopt and apply here, we reject the People's arguments and conclude that Senate Bill No. 1437 is constitutional. In doing so, we follow this court's recent opinions in *People v. Lippert* (2020) 53 Cal.App.5th 304, and *People v. Johns* (2020) 50 Cal.App.5th 46, and join several other courts which have held that Senate Bill No. 1437 is constitutional. (E.g., *People v. Lopez* (2020) 51 Cal.App.5th 589; *People v. Solis* (2020) 46 Cal.App.5th 762, 769; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896; *People v. Smith* (2020) 49 Cal.App.5th 85.)

The trial court therefore erred in striking defendant's section 1170.95 petition on the ground that Senate Bill No. 1437 is unconstitutional. Accordingly, we reverse the trial court's order striking defendant's petition and remand for the trial court to hold a hearing on the petition.

## IV.

## DISPOSITION

The trial court's order granting the People's motion to strike the section 1170.95 resentencing petition is reversed. The matter is remanded for further proceedings under section 1170.95.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

MILLER

Acting P. J.

MENETREZ

J.