[No. F025410. Fifth Dist. Nov. 6, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
JIM OTIS SYLVESTER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of FACTS and DISCUSSION, parts I. and II.

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Harry Joseph Colombo and Carlos A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VARTABEDIAN, J.**—Defendant, Jim Otis Sylvester, was convicted by jury of second degree murder and possession of a firearm by a felon. In addition, it was found he personally used a firearm during the commission of

the murder. He appeals, claiming the trial court erred in admitting evidence of a prior bad act. In addition, defendant asserts two sentencing errors. The published portion of our opinion is confined to a discussion of whether the conduct credit limitation found in Penal Code section 2933.1 pertains only to custody days following conviction. We determine it does not, and we affirm the judgment in all respects.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.

*Conduct Credits*

The trial court calculated defendant's conduct credits under Penal Code section 2933.1. This section provides:

"(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933.

"(b) The 15 percent limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law. However, nothing in subdivision (a) shall affect the requirement of any statute that the defendant serve a specified period of time prior to minimum parole eligibility, nor shall any offender otherwise statutorily ineligible for credit be eligible for credit pursuant to this section.

"(c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a).

*See footnote, *ante*, page 1493.

"(d) This section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative."

Defendant asserts that the credit limitations of Penal Code section 2933.1 apply only to credits earned after the date a person is convicted of a violent felony. Defendant claims he is entitled to preconviction credits under the more liberal provisions of Penal Code section 4019.[3]

" 'In construing a statute, our first task is to look to the language of the statute itself. . . . When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. . . .' " (*People* v. *Hill* (1995) 37 Cal.App.4th 220, 224 [44 Cal.Rptr.2d 11].)

We read the statute as a whole: "It is an established tenet of statutory construction that separate items in a statute should be given meaning with reference to the whole, and that each word and phrase in the statute should be interpreted 'to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose.' " (*Pettus* v. *Cole* (1996) 49 Cal.App.4th 402, 434 [57 Cal.Rptr.2d 46].)

Subdivision (c) of Penal Code section 2933.1 sets forth that other conduct credit statutes do not apply to persons convicted of a serious felony and that Penal Code section 2933.1 credits are determined based on any confinement which occurs from the date of arrest until the person is placed in prison. "[T]he manifest purpose of section 2933.1 [is] to limit the presentence conduct credits for violent felons. Section 2933.1 was adopted as an urgency statute '[i]n order to protect the public from dangerous repeat offenders who otherwise would be released. . . .' (Stats. 1994, ch. 713 (Assem. Bill No. 2716), § 2.)" (*People* v. *Ramos* (1996) 50 Cal.App.4th 810, 816-817 [58 Cal.Rptr.2d 24]; see also *People* v. *Hill, supra,* 37 Cal.App.4th at p. 225, fn. 3.)

Defendant's interpretation of the statute would defeat the clear purpose of Penal Code section 2933.1.

Conduct credits do not become an issue until and unless a person is convicted. Subdivision (a) of Penal Code section 2933.1 merely sets forth the category of defendants whose conduct credits are to be determined under

---

[3]The People ask that we require the defendant to file an appropriate motion with the trial court. Because defendant has raised other issues on appeal in addition to this conduct credit issue, as a matter of efficiency, we dispose of the issue in this opinion. (*People* v. *Acosta* (1996) 48 Cal.App.4th 411, 427-428 [55 Cal.Rptr.2d 675].)

Penal Code section 2933.1. The credits are not calculated under this section based on the time of conviction, but this section is triggered based on the fact of a certain type of conviction. We thus reject the interpretation urged by defendant.

DISPOSITION

The judgment is affirmed.

Dibiaso, Acting P. J., and Harris, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 18, 1998.