[No. B139382. Second Dist., Div. Five. May 16, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
BRONSON LY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III.A.-B. and the heading for part III.C.

**COUNSEL**

Robert E. Boyce and Laura Schaefer, under appointments by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Erika D. Jackson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.**—

## I. INTRODUCTION

Defendant Bronson Ly appeals from his convictions for first degree murder (Pen. Code,[1] § 187, subd. (a)) and arson. (§ 451, subd. (b).) Defendant argues the trial court improperly: denied his motion made pursuant to *People v. Wheeler* (1978) 22 Cal.3d 258, 276-277 [148 Cal.Rptr. 890, 583 P.2d 748]; intruded upon the secrecy of the jury deliberations; and denied presentence custody credits. The Attorney General concedes that the trial court should have awarded presentence custody credits. In the published portion of the opinion, we discuss defendant's right to presentence *conduct* credits for a murder committed on February 27, 1996. We affirm the judgment as modified.

## II. FACTUAL BACKGROUND

We view the evidence in a light most favorable to the judgment. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [99 S.Ct. 2781, 2789, 61 L.Ed.2d 560]; *People v. Osband* (1996) 13 Cal.4th 622, 690 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908-909.) On February 27, 1996, defendant's home burned as the result of arson. Although defendant escaped, his son, Long, perished in the fire. Defendant left the United States for Bangkok, Thailand on March 1, 1996. An investigation revealed that the fire was set in four places by the spread of gasoline. The gasoline was ignited by a water heater. On June 10, 1994, defendant had purchased life insurance policies on the lives of his two adult sons, Binh and Long, for $100,000 each with an additional $25,000 accidental death benefit. The final payment on the policies was made February 12, 1996. However, the payment was reversed because of an insufficient funds check. The check was redeposited on February 24, 1996.

## III. DISCUSSION

A, B.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

 Defendant argues and the Attorney General concedes that the trial court improperly denied him any presentence credits pursuant to section

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

*See footnote, *ante*, page 44.

2933.2, subdivision (c). Section 2933.2 precludes the award of any presentence conduct credits following a conviction for murder. However, the statute's application is specifically limited to those offenses occurring after the date it became operative. (§ 2933.2, subd. (d).) Section 2933.2 became effective on June 3, 1998, following voter approval in the June 2, 1998, Primary Election. The murder in this case occurred February 27, 1996. Hence, section 2933.2 can have no effect on this case. Defendant is therefore entitled to 724 actual days spent in custody prior to sentencing. We disagree though with both defendant and the Attorney General regarding the amount of presentence *conduct* credits that must be awarded. Both argue that defendant should be awarded 362 days pursuant to section 4019. However, section 2933.1, subdivision (c), provides for the award of only 15 percent work time credits in cases of felonies listed in section 667.5. Section 2933.1 became operative on September 21, 1994. (*People v. Caceres* (1997) 52 Cal.App.4th 106, 110 [60 Cal.Rptr.2d 415]; *People v. Camba* (1996) 50 Cal.App.4th 857, 862-867 [57 Cal.Rptr.2d 907].) Defendant's first degree murder conviction involves a violent felony within the meaning of section 667.5, subdivision (c)(1). Since the murder occurred after September 21, 1994, he therefore is subject to the 15 percent limitation on presentence credits. (See *People v. Sylvester* (1997) 58 Cal.App.4th 1493, 1495-1497 [68 Cal.Rptr.2d 716]; *People v. Palacios* (1997) 56 Cal.App.4th 252, 255, 258 [65 Cal.Rptr.2d 318]; *People v. Ramos* (1996) 50 Cal.App.4th 810, 817 [58 Cal.Rptr.2d 24].) For murders occurring on or after September 21, 1994, and before June 3, 1998, presentence *conduct* credits are awarded pursuant to section 2933.1, subdivision (a). Defendant is entitled to 724 actual and only 108 days of *conduct* credits for a total of 832 days.

## IV. DISPOSITION

The judgment is modified to reflect that defendant is to receive 832 days of presentence credits, consisting of 724 days of actual credit and 108 days of conduct credit. As modified, the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections.

Armstrong, J., and Willhite, J.,* concurred.

Petitions for a rehearing were denied June 15, 2001, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied August 22, 2001.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.