Filed 7/12/13  P. v. Soto CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038355 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS112299A) |
| v. | |
| MALIA SOTO, | |
| Defendant and Appellant. | |

In this appeal, Malia Soto (appellant) contends that a statutory amendment to Penal Code section 4019, which provides for earning presentence conduct credits at the rate of one day for every actual day served, must be applied to her, even though she committed her crimes before the operative date of the amendment.  In addition, appellant contends that the lower court erred in imposing a probation revocation fine (§ 1202.44)[1] that exceeded the restitution fine (§ 1202.4, subd. (b)) the court had imposed.  For reasons that follow, we agree that the probation revocation fine must be reduced, but disagree that appellant is entitled to the increased custody credits she seeks.

*Facts and Proceedings Below*

On February 17, 2012, the Monterey County District Attorney filed an amended information in which appellant was charged with pimping a minor over the age of 16

---

[1]     All unspecified statutory references are to the Penal Code.

(§ 226h, subd. (b)(1), count one), battery (§ 242, count two), conspiracy to commit the crime of possessing or disseminating obscene material depicting a minor (§§ 182, subd. (a)(1), 311.2 subd. (b), count three) and battery on a spouse or cohabitant (§ 243, subd. (e), count four). All the crimes were alleged to have occurred on or about September 1, 2011, through September 29, 2011.

Subsequently, on March 22, 2012, in open court, the prosecutor moved to amend the charging document to add one count of abusing or endangering the health of a child (§ 273a, subd. (a), count five) and one count of possessing or controlling materials depicting a minor engaging in sexual conduct or simulated sexual conduct (§ 311.11, subd. (a), count six). Appellant moved to withdraw her plea of not guilty. She entered into a plea agreement under the terms of which she agreed to plead no contest to counts five and six in exchange for a promised disposition of felony probation, with a four-year eight-month prison term imposed, but with execution suspended, and the dismissal of all the remaining charges.[2] After the court advised appellant of her constitutional rights and the consequences of her plea, appellant entered no contest pleas to counts five and six.

On May 1, 2012, pursuant to the terms of the plea agreement, the court imposed but suspended execution of the four-year eight-month prison term and placed appellant on probation; the court ordered appellant to serve a 300-day county jail sentence, awarded her 225 days of presentence credits consisting of 113 actual days and 112 days of conduct credits pursuant to section 4019. The court ordered that appellant pay a $240 restitution fine pursuant to section 1202.4, subdivision (b), and imposed but suspended a probation revocation fine of $480 pursuant to section 1202.44. Subsequently, however, on May 10, 2012, over appellant's objection, the court reduced appellant's custody credits to 181 days consisting of 121 actual days (as of the date of this hearing) and 60 days of conduct credits pursuant to section 4019.

---

[2]     Appellant was advised that she would have to register as a sex offender.

Appellant filed a timely notice of appeal and sought and was granted a certificate of probable cause.

*Discussion*

*Custody Credits*

Appellant argues the trial court erred in restricting presentence conduct credits to 33 percent (one for two credits) because the October 2011 amendment to section 4019, which awards one for one credits applies to all the time she spent in custody after the amendment's operative date.[3]  The probation officer's report indicates that appellant was arrested on January 26, 2012.

Certainly, a criminal defendant is entitled to accrue both actual presentence custody credits under section 2900.5 and conduct credits under section 4019 for a period of incarceration prior to sentencing.  Conduct credits may be earned under 4019 by performing additional labor (§ 4019, subd. (b)) and by an inmate's good behavior.  (§ 4019, subd. (c).)  In both instances, the section 4019 credits are collectively referred to as conduct credits.  (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)  The court is charged with awarding such credits at sentencing.  (§ 2900.5, subd. (a).)

Before January 25, 2010, conduct credits under section 4019 could be accrued at the rate of two days for every four days of actual time served in pre-sentence custody. (Stats.1982, ch. 1234, § 7, p. 4554 [former § 4019, subd. (f) ].)  Effective January 25, 2010, the Legislature amended Penal Code section 4019 in an extraordinary session to address the state's ongoing fiscal crisis.  Among other things, Senate Bill No. 3X 18 amended section 4019 such that defendants could accrue custody credits at the rate of two days for every two days actually served, twice the rate as before except for those

---

[3]      Generally, issues relating to the award of custody credits may not be raised for the first time on appeal.  (§ 1237.1; *People v. Clavel* (2001) 103 Cal.App.4th 516, 518-519.) However, because appellant is raising another issue on appeal we may address this issue. (*People v. Sylvester* (1997) 58 Cal.App.4th 1493, 1496, fn. 3; *People v. Acosta* (1996) 48 Cal.App.4th 411, 420-421.)

defendants required to register as a sex offender, those committed for a serious felony (as defined in § 1192.7), or those who had a prior conviction for a violent or serious felony. (Stats.2009–2010, 3d Ex.Sess., ch. 28, §§ 50, 62 [former § 4019, subds. (b), (c), & (f) ].)

Effective September 28, 2010, Penal Code section 4019 was amended again to restore the presentence conduct credit calculation that had been in effect prior to the January 2010 amendments, eliminating one-for-one credits (hereafter the September 2010 amendment, Stats. 2010, ch. 426, § 2).  By its express terms, the newly created section 4019, subdivision (g), declared these September 28, 2010 amendments applicable only to inmates confined for a crime committed on or after that date, expressing legislative intention that they have prospective application only.  (Stats. 2010, ch. 426, § 2.)  This was the statute in place when appellant committed her crimes on or between September 1, 2011, and September 29, 2011.

The current version of section 4019 (hereafter October 1 amendment) was in effect and operative beginning October 1, 2011, and at the time of sentencing in this case on May 1, 2012.  (Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35, pp. 5976-5977, eff. Sept. 21, 2011, operative Oct. 1, 2011.)[4]  That section states in pertinent part "if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody."  (§ 4019, subd. (f); see § 4019, subds. (b)-(e).)  This award of custody credits is sometimes referred to as one-for-one credits.  Nevertheless, subdivision (h) of section 4019 provides:  "The changes to this section enacted by the act

---

[4]     Initially, the 2011 changes to the accrual of conduct credit were made applicable to prisoners confined for crimes committed on or after July 1, 2011.  (Stats. 2011, ch. 15, § 482, pp. 497-498, eff. Apr. 4, 2011, operative Oct. 1, 2011 [former § 4019, subd. (h)].)  Further amendments to section 4019 that were enacted before that legislation became operative made those changes applicable to prisoners confined for crimes committed on or after October 1, 2011.  (See Stats. 2011, ch. 15, § 636, p. 622, eff. Apr. 4, 2011; Stats. 2011, ch. 39, §§ 53, 68, pp. 1730-1731, 1742, eff. June 30, 2011, operative Oct. 1, 2011; Stats. 2011, ch. 40, § 3, p. 1748, eff. June 30, 2011; Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35, eff. Sept. 21, 2011, operative Oct. 1, 2011.)

that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. [Hereafter the first sentence] Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (Hereafter the second sentence)

Appellant argues that although the first sentence of subdivision (h) of section 4019 indicates that the October 1 amendment is to apply only to crimes committed after October 1, 2011, the second sentence is inconsistent with this construction. Appellant contends that in order to give meaning to both sentences of this statute and to harmonize the seemingly conflicting language, this court should hold that even where the crime was committed prior to October 1, 2011, conduct credits for any time spent in custody on or after October 1, 2011 should be calculated based on the enhanced one-for-one credits. We are not persuaded so to do.

"[I]n reviewing the text of a statute, [courts] must follow the fundamental rule of statutory construction that requires every part of a statute be presumed to have some effect and not be treated as meaningless unless absolutely necessary. 'Significance should be given, if possible, to every word of an act. [Citation.] Conversely, a construction that renders a word surplusage should be avoided. [Citations.]' [Citations.]" (*People v. Arias* (2008) 45 Cal.4th 169, 180.) In addition, "[w]hen a statute is capable of more than one construction, ' "[w]e must . . . give the provision a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity." ' [Citations.]" (*In re Reeves* (2005) 35 Cal.4th 765, 771, fn. 9.) Finally, "under the traditional 'rule of lenity,' language in a penal statute that truly is susceptible of more than one reasonable construction in meaning or application ordinarily is construed in the manner that is more favorable to the defendant. [Citation.]" (*People v. Canty* (2004) 32 Cal.4th 1266, 1277.)

5

"When construing a statute, our primary task is to ascertain the Legislature's intent. [Citation.] We begin our task by determining whether the language of the statute is ambiguous. [Citation.] A statutory provision is ambiguous if it is susceptible of two reasonable interpretations. [Citation.] ' "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." [Citation.]' [Citation.]" (*People v. Dieck*, *supra*, 46 Cal.4th at pp. 939-940.)

Appellant contends that had "the Legislature intended the law to apply exclusively to crimes committed after its operative date, regardless of the time frame of custody, it would have either left out the second sentence, or altered it to make such an interpretation clear."

In *People v. Ellis* (2012) 207 Cal.App.4th 1546 (review den. Oct. 31, 2012), with respect to subdivision (h) of section 4019, the Fifth District Court of Appeal concluded: "[T]he Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011. [Citation.] The second sentence does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits. So read, the sentence is not meaningless, especially in light of the fact the October 1, 2011, amendment to section 4019, although part of the so-called realignment legislation, applies based on the date a defendant's crime is committed, whereas section 1170, subdivision (h), which sets out the basic sentencing scheme under realignment, applies based on the date a defendant is sentenced."[5] (*Id.* at pp. 1553-1554.)

Appellant submits that this court should reject the *Ellis* court's reading of section 4019, since it ignores fundamental principles of statutory construction, is self-

---

[5] Section 1170, subdivision (h)(6), now provides: "The sentencing changes made by the act that added this subdivision shall be applied prospectively to any person sentenced on or after October 1, 2011."

6

contradictory, and is at odds with the California Supreme Court's decisions in *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*) and *People v. Lara* (2012) 54 Cal.4th 896.

The Court of Appeal, Fourth District, Division 3, agrees with *Ellis*. In *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*) (review denied Feb. 13, 2013), the court rejected an argument that the second sentence of section 4019, subdivision (h), "implies any days earned by a defendant after October 1, 2011, shall be calculated at the rate required by the current law, *regardless of when the offense was committed*." (*Id.* at p. 51.) The court concluded that such an interpretation would render meaningless the language in the first sentence (*ibid.*), which provides that the changes to the accrual of presentence conduct credit "shall apply prospectively and shall apply to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011." (§ 4019, subd. (h).) Accordingly, the court concluded that adopting the defendant's interpretation would violate an elementary rule requiring courts, if possible, ascribe meaning to every word, phrase, and sentence of a statute and to avoid interpretations that render some words superfluous. (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 51.)

The *Rajanayagam* court concluded: "[S]ubdivision (h)'s first sentence reflects the Legislature intended the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011. Subdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before October 1, 2011, but are in local custody on or after October 1, 2011. Instead, subdivision (h)'s second sentence attempts to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law. However inartful the language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law. [Citation.] To imply the enhanced conduct credit provision applies to defendants who committed their crimes before the effective date but served

7

time in local custody after the effective date reads too much into the statute and ignores the Legislature's clear intent in subdivision (h)'s first sentence." (*Id*. at p. 52, fn. omitted.)

"It is a settled principle of statutory construction, that courts should 'strive to give meaning to every word in a statute and to avoid constructions that render words, phrases, or clauses superfluous.' [Citations.]  We harmonize statutory provisions, if possible, giving each provision full effect.  [Citation.]" (*In re C.H.* (2011) 53 Cal.4th 94, 103.)

As confirmed by the Supreme Court in *Brown*, *supra*, 54 Cal.4th 314, 322, footnote 11, the first sentence means just what it says, but the necessary corollary of that sentence is that it does not apply to crimes committed prior to October 1, 2011; and the necessary implication is that for crimes committed prior to October 1, 2011, the statutory scheme that was displaced by the new terms of Penal Code section 4019 continues to apply.  It is axiomatic that since the new credit scheme applies prospectively (per the first sentence), everyone in jail prior to October 1, 2011, is there for a crime committed prior to that date, and subject to whatever credit scheme was operating at the time.  However, to hold that appellant is entitled to the benefit of the October 1 amendment for days spent in custody after October 1, 2011, would require that we write an entire sentence into section 4019.  That is, after the first sentence, we would have to add:  However, if a defendant has not been sentenced by October 1, 2011, for a crime he or she committed before October 1, 2011, he or she is entitled to one-for-one credits for any time spent in custody after that date up to and including the date of sentencing.  Appellate courts may not "rewrite the clear language of [a] statute to broaden the statute's application." (*In re David* (2012) 202 Cal.App.4th 675, 682; See *People v. Statum* (2002) 28 Cal.4th 682, 692 [a court may not rewrite a statute to conform to a presumed intent that is not expressed].)  As confirmed by the Supreme Court in *Brown*, the critical date in the statute is the date of the offense, and not the date when the presentence custody is served.  (*Id*. at p. 322, fn. 11.)

8

A number of courts have concluded that, as to crimes committed before October 1, 2011, the current version of section 4019 is not applicable and former law governs calculation of conduct credit. (*People v. Hul* (2013) 213 Cal.App.4th 182, 186-187; *Rajanayagam*, *supra*, 211 Cal.App.4th at p. 51; *People v. Verba* (2012) 210 Cal.App.4th 991, 993; *People v. Ellis*, *supra*, 207 Cal.App.4th at p. 1553; see also *People v. Kennedy* (2012) 209 Cal.App.4th 385, 400.) We reach the same conclusion. In so doing, we reject appellant's claim that she is entitled to the enhanced one-for-one credits for the time she spent in custody after October 1, 2011, up to and including the day she was sentenced.

*Probation Revocation Fine*

As noted, at sentencing, the court imposed a restitution fund fine of $240, which is what the probation officer's report had recommended.[6] However, the court imposed but suspended a probation revocation fine in the amount of $480; again, this was the amount that was recommended by the probation officer.

Appellant argues that the probation revocation fine must be reduced to $240. Respondent concedes the issue. We accept that concession.

Section 1202.44 provides, "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an addition probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."

As can be seen, the statute requires a probation revocation fine in the "same amount" as the restitution fine imposed pursuant to section 1202.4, subdivision (b). Since the lower court imposed a restitution fine of $240, the probation revocation fine must be reduced to that amount.

---

[6] Appellant does not challenge the amount of this fine.

9

*Disposition*

The judgment (order of probation) is modified to reflect the imposition of a $240 probation revocation fine.  As so modified the judgment is affirmed.

_____
ELIA, J.

WE CONCUR:


_____
RUSHING, P. J.


_____
PREMO, J.

10