Filed 9/2/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GERALDO SEGURA,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF<br>ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | G065079<br><br>(Super. Ct. No. 23HM02528)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Richard Pacheco, Judge. The petition is granted with directions.

Martin F. Schwarz, Public Defender, Adam Vining and Samantha Birkner, Deputy Public Defenders for Petitioner.

Antoinette Naddour and Lisa Eyanson for Veterans Legal Institute, as Amicus Curiae on behalf of Petitioner.

Todd Spitzer, District Attorney, and Brendan Sullivan, Deputy District Attorney for Real Party in Interest.

\*        \*        \*

"A defendant charged with a *misdemeanor* is eligible for diversion if both of the following apply: [¶] (1) The defendant *was*, or currently *is*, a member of the United States military. [¶] (2)(A) The defendant *may* be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of their military service." (Pen. Code, § 1001.80, subd. (b), italics added.)[1]

As of January 1, 2025, a defendant charged with a *felony* may also be eligible for military diversion, but there is an additional requirement that "the defendant's condition was a significant factor in the commission of the charged offense." (§ 1001.80 (c)(2)(A), added by Stats. 2024, ch. 924, § 1.)

Here, the People charged Geraldo Segura with four misdemeanor crimes arising from one incident of driving under the influence (DUI). Segura filed a section 1001.80 motion requesting military diversion. Segura alleged he was a veteran, and that he had an alcohol abuse disorder as a result of his military service. Following a hearing, the trial court denied Segura's motion partly because "there is just no nexus *that this incident* or his alcohol abuse is related to the military." (Italics added.)

Segura filed a petition for a writ of mandate in this court challenging the trial court's ruling, and we issued an order to show cause.

To be eligible for military diversion when charged with a felony, the defendant has the burden to show a relationship (a nexus) between the qualifying condition (e.g., substance abuse) and the commission of the charged offense (the crime). However, when charged with a *misdemeanor*, the defendant has no burden to show such a relationship or nexus.

---

[1] Further undesignated statutory references are to the Penal Code; we will also generally omit the word "subdivision" or its abbreviation.

2

Here, Segura was charged with four misdemeanors. The trial court's ruling is not entirely clear, but it appears the court erred by requiring Segura to show a relationship (a "nexus") between his qualifying condition ("alcohol abuse") and the commission of the offenses ("the incident"). Further, we are uncertain what burden of proof the trial court applied. Out of an abundance of caution, we are going to reverse and remand for a new hearing.

As to the burden of proof, in order to be eligible for military diversion, a person has the burden to show that he or she "*was*, or currently *is*, a member of the United States military." (§ 1001.80 (b)(1) & (c)(1), italics added.) Conversely, the person only has the burden to show that he or she "*may* be suffering from [a qualifying condition] as a result of their military service." (§ 1001.80 (b)(2)(A) & (c)(2)(A), italics added.)

We hold that the Legislature's choice of the word "may" was intentional and means a defendant has the burden to show a *reasonable possibility* that he or she is suffering from a qualifying condition as a result of their military service. (See, e.g., *No Oil Inc. v. City of Los Angeles* (1974) 13 Cal.3d 68, 83, fn. 16 ["the word 'may' connotes a 'reasonable possibility'"]; *I.N.S. v. Cardoza-Foncesca* (1987) 480 U.S. 421, 440 [citing a 10 percent chance as sufficient under the "'reasonable possibility'" burden of proof].)

When the matter returns on remand, we direct the trial court to apply the correct burden of proof. That is, Segura will have the burden to show that there is a *reasonable possibility* that he is suffering from a qualifying condition as a result of his military service.

Thus, we grant Segura's petition for a writ of mandate. We direct the trial court to vacate its order denying Segura's motion for misdemeanor military diversion. We further direct the court to conduct a new hearing on the motion consistent with the holdings in this opinion.

3

# I.

## FACTS AND PROCEDURAL BACKGROUND

On February 18, 2023, at about 3:00 a.m., an officer observed a vehicle swerving and speeding. The officer pulled over the vehicle and contacted its driver, Segura. The officer detected a strong odor of alcohol. The officer further noted that Segura's speech was slow and slurred, and that he had red and watery eyes. Segura denied drinking any alcohol. When asked, Segura refused to submit to a blood or breath test. The officer obtained a warrant and Segura's blood was drawn.

*Court Proceedings*

The Orange County District Attorney (OCDA) charged Segura with four misdemeanor DUI offenses (involving alcohol and drugs). The complaint further alleged Segura was driving with a high blood alcohol content, and he refused to submit to a chemical test.

Segura filed a motion under section 1001.80 requesting pretrial military diversion. The OCDA did not file an opposition (nor did the OCDA argue against the motion at the later hearing).

In the motion, Segura alleged he was a military veteran who had served for about four years. To support this claim, Segura provided his discharge certificate, which detailed, in part, his record of service: a United States Marine Corps Good Conduct Medal; a National Defense Service Medal; a Global War on Terrorism Service Medal; a Sea Service Deployment Ribbon; and a Sharpshooter Rifle Qualification Badge.

Segura further alleged he is suffering from alcohol abuse use disorder and another mental health condition, and those qualifying conditions were the result of his military service. To support this claim,

Segura provided two psychologist reports, and 255 pages of confidential medical records from the Veterans Administration.[2]

On September 30, 2024, the trial court conducted a hearing on the section 1001.80 motion. The court reviewed the reports and found that Segura's alcohol use predated his military service. The court said, "I am not saying that he did not . . . receive any treatment [during his time in the military] but there is no proof." The court denied the motion: "So with everything that the court has there is just *no nexus that this incident* or his alcohol abuse is related to the military." (Italics added.)

Segura filed a petition for a writ of mandate. We requested informal briefing as to: "whether eligibility for military diversion in Penal Code section 1001.80 'requires that a defendant's substance abuse or mental health problems are *solely* the result of the defendant's military service, or a contributing factor to the defendant's substance abuse or mental health problems.'" Real party in interest (the OCDA), filed a response: "Real party asserts that the qualifying condition must be service-related. In other words, it need not be the *sole* result of a defendant's military service."[3]

We later issued an order to show cause. The OCDA filed an opposition (a return), and Segura filed a reply (a traverse). The Veterans Legal Institute filed an amicus curiae brief in support of Segura.

---

[2] The records supporting Segura's motion were filed and remain under seal. In respect of Segura's privacy, we are not going to delve into the specific facts regarding his alleged conditions, which are not relevant to the resolution of the legal issues in this writ proceeding.

[3] We agree with the OCDA that under section 1001.80 a trial court does not need to find that a qualifying condition *is solely the result of* a defendant's military service; rather, the court needs to find that the qualifying condition *is related to* the defendant's military service.

DISCUSSION

Segura claims the trial court abused its discretion by denying his section 1001.80 motion for military diversion. We agree.

"The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712, fns. omitted.)

The disputed issues in this case primarily involve matters of statutory interpretation, which are conclusions of law that we review de novo. (See *People v. McDavid* (2024) 15 Cal.5th 1015, 1023.)

In this discussion, we shall: A) review principles of statutory interpretation; B) consider the distinction between misdemeanor and felony diversion under section 1001.80; and C) consider the burden of proof to be applied when a defendant files a motion for military diversion.

*A. Principles of Statutory Interpretation*

When interpreting a statute, a court's role "is to determine the Legislature's intent so as to effectuate the law's purpose." (*People v. Murphy* (2001) 25 Cal.4th 136, 142.)

"We begin as always with the statute's actual words, the 'most reliable indicator' of legislative intent, 'assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'" (*Even Zohar Construction & Remodeling,*

*Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 837–838.)

"Statutory language is not considered in isolation. Rather, we 'instead interpret the statute as a whole, so as to make sense of the entire statutory scheme.'" (*Bonnell v. Medical Board* (2003) 31 Cal.4th 1255, 1261.) Courts "must interpret legislative enactments so as to avoid absurd results." (*People v. Torres* (2013) 213 Cal.App.4th 1151, 1158.)

"'It is an established tenet of statutory construction that separate items in a statute should be given meaning with reference to the whole, and that *each* word and phrase in the statute should be interpreted "to give meaning to *every* word and phrase in the statute to accomplish a result consistent with the legislative purpose."'" (*People v. Sylvester* (1997) 58 Cal.App.4th 1493, 1496, italics added.) We may analyze "'the context in which the language appears and adopt[] the construction which best serves to harmonize the statute internally and with related statutes.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

*B. The Distinction Between Misdemeanor and Felony Military Diversion*

"Generally, pretrial diversion is the suspension of criminal proceedings for a prescribed time period, subject to certain conditions." (*People v. Frahs* (2018) 27 Cal.App.5th 784, 788.) "Ordinarily, when a defendant successfully completes a diversion program, the criminal charges are dismissed and the defendant may legally answer that he or she has never been arrested for—or charged with—the diverted offense, subject to certain exceptions." (*Ibid.*; *People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 66 ["diversion is intended to offer a second chance to offenders who are minimally involved in crime and maximally motivated to reform"].)

"Military diversion represents a relatively new addition to the

7

state's diversion programs, which generally authorize trial courts to divert eligible persons charged with qualifying offenses from the normal criminal process into treatment and rehabilitation." (*Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 707 ["The primary purpose of diversion is rehabilitation"].)

Subdivision (a), the first subdivision of the military diversion statute, provides: "This chapter *shall* apply to a case before a court on an accusatory pleading alleging the commission of a misdemeanor or felony offense not set forth in subdivision (o)[4] to a defendant *who is eligible* based on the criteria set forth in this chapter." (§ 1001.80 (a), italics added.)

Subdivision (b), the subdivision concerning misdemeanors, provides: "A defendant charged with a *misdemeanor* is eligible for diversion if both of the following apply: [¶] (1) The defendant was, or currently is, a member of the United States military. [¶] (2) (A) The defendant *may* be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of their military service. [¶] (B) The court may request, using existing resources, an assessment to aid in the determination that this paragraph applies to a defendant." (§ 1001.80 (b), italics added.)

Subdivision (c), the subdivision concerning felonies, provides, in relevant part: "A defendant charged with a *felony* offense not set forth in subdivision (o) is eligible if both of the following apply: [¶] (1) The defendant was, or currently is, a member of the United States military. [¶] (2)(A) The defendant *may* be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or a mental health problem as a

---

[4] Subdivision (o) of section 1001.80 provides that defendants charged with certain designated felony crimes are ineligible for diversion (e.g., murder, rape, any offenses requiring sex offender registration, etc.).

8

result of their military service, *and the defendant's condition was a significant factor in the commission of the charged offense.* [¶] (B) The court shall find that the defendant's condition was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." [5] (§ 1001.80 (c), italics added.)

Subdivision (d) provides that if the trial court finds a defendant *eligible* for military diversion under subdivision (b) or (c), and the defendant waives their speedy trial right, then the court "*may* place the defendant in a pretrial diversion program as defined" within the statute. (§ 1001.80 (d), italics added.) That is, if the court finds a defendant *eligible* for military diversion under subdivision (b) or (c), then the court has the discretion to determine whether a defendant is then *suitable* for diversion under subdivision (d). (See *Wade v. Superior Court, supra,* 33 Cal.App.5th at p. 718 ["the court's *discretionary determinations about who is suitable* to participate in pretrial diversion and how to evaluate suitability may not ignore or contravene the legislative intent to include misdemeanor driving under the influence offenses within the scope of section 1001.80"], italics added.) [6]

The remaining subdivisions of section 1001.80 generally concern

---

[5] As noted earlier, effective January 1, 2025, the Legislature amended section 1001.80 to now allow for military diversion for most felony crimes, subject to certain restrictions. (§ 1001.80 (c).) However, the Legislature did not change the subdivision concerning misdemeanor military diversion (the subdivision at issue in this writ proceeding). (§ 1001.80 (b).)

[6] "The Legislature amended section 1001.80 by urgency statute to clarify that military diversion is available to defendants charged with misdemeanor driving under the influence . . . ." (*Wade v. Superior Court, supra,* 33 Cal.App.5th at p. 708.)

the implementation of the military diversion program. For instance, if a trial court places a defendant in a military diversion treatment program, and where "the defendant has performed satisfactorily during the period of diversion, at the end of the period of diversion, the criminal charges shall be dismissed." (§ 1001.80 (e).) However, if "the defendant is not benefiting from diversion, the court may end the diversion and order resumption of the criminal proceedings." (§ 1001.80 (e).)

Under the plain meaning of section 1001.80 (c), it is apparent that when a court is determining whether a defendant charged with a *felony* is eligible for military diversion, the court must find that there is a nexus, or a relationship between the defendant's qualifying condition (e.g., alcohol abuse) and the circumstances surrounding the commission of the felony offense (e.g., the felony driving incident). Specifically, the court must find that "the defendant's condition was a *significant factor* in the commission of the charged offense." (§ 1001.80 (c)(2)(A), italics added.)

However, under the plain meaning of section 1001.80 (b), it is also apparent that when a court is determining whether a defendant charged with a *misdemeanor* is eligible for military diversion, the court does <u>not</u> need to find any sort of relationship between the defendant's qualifying condition (e.g., alcohol abuse) and the circumstances surrounding the commission of the offense (e.g., the misdemeanor driving incident). (See *Major v. Silna* (2005) 134 Cal.App.4th 1485, 1494, fn. 6 [the doctrine of "'*Expressio unius est exclusio alterius* means that "the expression of certain things in a statute necessarily involves exclusion of other things not expressed"'"].)

Here, the People charged Segura with four misdemeanor DUI offenses, all of which arose out of one incident. But when the trial court found Segura ineligible for military diversion, the court stated, in part: "So with

10

everything that the court has there is just *no nexus that this incident* or his alcohol abuse is related to the military." (Italics added.)

While the trial court's ruling is not entirely clear, it does appear the court was acting under a presumption that Segura needed to show some kind of relationship (a "nexus") between his qualifying condition ("alcohol abuse" disorder) and the commission of the DUI offenses ("the incident").

In short, the trial court appears to have committed a legal error by imposing a requirement for misdemeanor military diversion that is not called for under the statute. (See *In re L.L.* (2017) 13 Cal.App.5th 1302, 1316 [appellate court reversed an order of a lower court when it "misinterpreted and misapplied" the relevant statute]; see also *Jess v. Herrmann* (1979) 26 Cal.3d 131, 135 ["the trial court erred in interpreting the existing statutes"].)

The OCDA argues the trial "court acted within its discretion when it denied [Segura's] motion for military diversion. There was nothing arbitrary, irrational, or capricious about its finding that [Segura] failed to establish the requisite eligibility nexus that his substance abuse disorder and/or mental health problem was service-related." We disagree.

The trial court did not unequivocally state that Segura failed to establish a nexus between *his qualifying condition* (alcohol abuse) and *his military service*. Rather, the court said that "there is just no nexus that *this incident or his alcohol abuse* is related to the military." (Italics added.) The words "this incident" would logically appear to be referring to the driving "incident" leading to Segura's arrest and DUI charges. And as we have discussed, because Segura was charged with misdemeanors, he had no obligation or burden to show a nexus or a relationship between his qualifying condition ("alcohol abuse" disorder) and the commission of the misdemeanor DUI offenses ("this incident"). (See § 1001.80 (b).)

11

The OCDA also suggested at oral argument that the trial court was simply correcting itself. That is, the OCDA would interpret the trial court's quote as follows: "So with everything that the court has there is just no nexus that this incident or [rather] his alcohol abuse is related to the military." However, we find no contextual basis to interpret the trial court's direct quote in the manner that the OCDA suggests.

In sum, we find that the trial court's ruling was not arbitrary or capricious; however, the court's ruling appears to have misinterpreted the legal requirements under section 1001.80, which is an error of law that also constitutes an abuse of discretion. (See *Haraguchi v. Superior Court*, *supra*, 43 Cal.4th at pp. 711–712.)

Thus, we are reversing the order of the trial court denying Segura's motion for military diversion. We are remanding the matter so the court can apply the correct legal requirements as to misdemeanor diversion, and also so the court can apply the correct legal principles as to the burden of proof, as we shall explain in the remainder of this discussion.

*C. The Burden of Proof Under Section 1001.80*

To be eligible for military diversion, a person must show that he or she "*was*, or currently *is*, a member of the United States military." (§ 1001.80 (b)(1) & (c)(1), italics added.) The person also has the burden to show that he or she "*may* be suffering from [a qualifying condition] as a result of their military service." (§ 1001.80 (b)(2)(A) & (c)(2)(A), italics added.)

What is at issue here is the significance of the Legislature's use of the word "may," and how that affects a defendant's burden of proof when a court is determining whether that person is eligible for military diversion. (See *People v. Sylvester supra,* 58 Cal.App.4th at p. 1496 [we ""give meaning

to *every* word and phrase in the statute"""], italics added.)

When interpreting a statute, we give the words of the statute "a plain and commonsense meaning" unless the statute otherwise gives them a special meaning. (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 577–578.)

The plain and commonsense meaning of the word "may" is "used to express possibility." (Dictionary.com (2025) <https://www.dictionary.com/browse/may> [as of Sept. 2, 2025]; Oxford English Dict. Online (2025) <https://www.oed.com/search/dictionary/?scope=Entries&q=may> [as of Sept. 2, 2025] [the word "may" is used when "[e]xpressing objective possibility"]; Cambridge Dict. (2025) <https://dictionary.cambridge.org/dictionary/english/may> [as of Sept. 2, 2025] [the word "may" is "used to express possibility"].)

Based on the plain language used in the statute, we find that the word "may" in section 1001.80 means that a defendant has the burden to show a *reasonable possibility* that he or she is suffering from a qualifying condition as a result of their military service, or a fairly low burden of proof. (See, e.g., *No Oil Inc. v. City of Los Angeles, supra,* 13 Cal.3d at p. 83, fn. 16 ["the word 'may' connotes a 'reasonable possibility'"]; *I.N.S. v. Cardoza-Foncesca, supra,* 480 U.S. at p. 440 [citing a 10 percent chance as being sufficient under a "'reasonable possibility'" standard of proof].)

"'Burden of proof' means the obligation of a party to establish by evidence *a requisite degree of belief* concerning a fact in the mind of the trier of fact or the court. The burden of proof may require a party to . . . establish the existence or nonexistence of a fact by a preponderance of the evidence, by clear and convincing proof, or by proof beyond a reasonable doubt. [¶] Except as *otherwise provided by law*, the burden of proof requires proof by a preponderance of the evidence." (Evid. Code, § 115, italics added.) "'Law' includes constitutional, statutory, and decisional law." (Evid. Code, § 160.)

13

"A preponderance of the evidence means evidence, which when weighed with contrary evidence, has more convincing force and the greater probability of truth." (*City of Long Beach v. Workers' Comp. Appeals Bd.* (2005) 126 Cal.App.4th 298, 314.) "Under the clear and convincing evidence standard, the proponent of a fact must show that it is 'highly probable' the fact is true." (*Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 584.) The beyond a reasonable doubt standard is the most onerous burden, which ordinarily applies to a prosecutor when having to prove a defendant is guilty of a crime. (*United States v. Watts* (1997) 519 U.S 148, 156.)

The three burdens listed in Evidence Code section 115 "are the most common burdens of proof used in California, but they are not an exclusive list." (*Masellis v. Law Office of Leslie F. Jensen* (2020) 50 Cal.App.5th 1077, 1088.) The Legislature can establish a lower burden of proof as it applies to a particular statute: "The list of examples is not exclusive, and in some cases the law may prescribe some other burden of proof. For example, under Penal Code Section 872, the prosecution's burden of proof at a preliminary hearing is to establish 'sufficient cause'--*i.e.,* a 'strong suspicion'--of the accused's guilt." [7] (Assem. Com. on Judiciary com., reprinted at 29B pt. 1A West's Ann. Evid. Code (2011 ed.) foll. § 115, p. 17.)

The lower "reasonable possibility" burden of proof is not common in California law, but this burden of proof does apply in some specific circumstances. (See, e.g., *Shannon v. Sims Service Center, Inc.* (1985) 164

---

[7] Under section 872, a magistrate determines at a preliminary hearing whether *sufficient cause* justifies holding the defendant to answer for a later trial; this burden of proof is "equated with probable cause, [and] is 'quite distinct' from the burden needed to convict the defendant." (*People v. Superior Court* (*Fernandez*) (2023) 88 Cal.App.5th 26, 31.)

Cal.App.3d 907, 914 ["respondent carried its *burden of proof* of showing, by declaration *a reasonable possibility* of prevailing by proper reference to the results of the earlier arbitration hearing"], italics added; *Hayter Trucking, Inc. v. Shell Western E&P, Inc.* (1993) 18 Cal.App.4th 1, 10 [the burden of proof on a civil plaintiff, in order to avoid entry of demurrer against it without leave to amend, is to demonstrate that there is *reasonable possibility* that any defect in complaint can be cured by amendment].)

Interestingly, the "reasonable possibility" burden of proof appears to be the burden that applies when a person seeking asylum in the United States is alleging a well-founded fear of persecution based on their particular situation in their own country. That is, the person does not need to demonstrate "'that the situation will probably result in persecution, but it is enough that persecution is a *reasonable possibility*.'" (*I.N.S. v. Cardoza-Fonseca, supra,* 480 U.S. at p. 440 [citing a 10 percent chance of persecution as being sufficient under the "'reasonable possibility'" standard of proof].)

In sum, we are issuing a writ of mandate, in part, to ensure that the trial court employs the lower reasonable possibility burden of proof on remand. That is, Segura will need to show a *reasonable possibility* that he is suffering from an alleged qualifying condition (or conditions) as a result of his military service. (See § 1001.80 (b)(2)(A).)

The OCDA argues: "The use of 'may be' is simply an implicit acknowledgment that the threshold . . . proof of eligibility need not rise to the level of certainty. This language pertains only to the **existence** of the mental health or substance abuse problem."

We agree with the OCDA's argument that the Legislature's use of the phrase "may be" was intended to impose a burden of proof far short of certainty; in fact, as we have explained above, the military diversion statute

15

requires only a reasonable possibility the defendant is suffering from a qualifying condition as a result of their military service. But we disagree with the OCDA's argument that the phrase "may be" applies only to the existence of the qualifying condition.

Again, under section 1001.80 (b)(2)(A) and (c)(2)(A), a defendant has the burden to show under the reasonable possibility standard of proof that: "The defendant *may be suffering* from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems *as a result of their military service*." (Italics added.) When read in its entirety, the phrase "may be" plainly applies to the entirety of the sentence, and not just the qualifying conditions (e.g., traumatic brain injury, substance abuse, mental health problems, etc.). Indeed, if we were to adopt the OCDA's interpretation of the statute, we would have to ignore the last seven words of the operative sentence: "as a result of their military service." (§ 1001.80 (b)(2)(A) & ; *Moore v. Hill* (2010) 188 Cal.App.4th 1267, 1281 ["our interpretation is faithful to the canon that we must 'interpret a statute consistently with the meaning derived from its grammatical structure'"]; *San Diego Police Officers Assn. v. City of San Diego Civil Service Com.* (2002) 104 Cal.App.4th 275, 284 ["we are required to give independent meaning and significance to each word, phrase, and sentence in a statute and to avoid an interpretation that makes any part of a statute meaningless"].)

The legislative history of section 1001.80 further supports our plain language interpretation of the statute. The legislative analysis of Senate Bill 1227, which later resulted in section 1001.80, noted that although existing specialized veterans courts had been effective in connecting veterans to the services they need, those courts are usually postplea, probationary programs. Therefore, those programs failed to provide the important benefits

16

of *pretrial* diversion programs, which if successfully completed, "ensure that the participant is able to avoid the consequences of a conviction (such as difficulty in finding a job or securing housing)." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1227 (2013–2014 Reg. Sess.) Apr. 8, 2014, p. 5.)

"The drafters' intent *was to extend* the "'well established'" benefits of California's pretrial diversion programs to veterans, enabling the military defendant to "'avoid the consequences of a conviction'" [citation] and to access 'appropriate treatment . . . programs with a history in dealing with the type of trauma the veteran has suffered and in dealing with veterans.'" (*Wade v. Superior Court, supra,* 33 Cal.App.5th at p. 712, italics added.)

Finally, the OCDA also argues that the phrase "may be" in section 1001.80, simply incorporates the default "preponderance of the evidence" burden of proof. (See Evid. Code, § 115.) We disagree.

Again, in order to be eligible for military diversion, a current or former member of the military has the burden to show that he or she "*may be* suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of their military service." (§ 1001.80 (b)(2)(A), italics added.)

The preponderance of the evidence standard speaks strictly in terms of *probabilities* (more probable than not), while the phrase "may be" as used by the Legislature connotes a reasonable *possibility*. (See, e.g., *City of Long Beach v. Workers' Comp. Appeals Bd., supra,* 126 Cal.App.4th at p. 314 ["A preponderance of the evidence means evidence, which when weighed with contrary evidence, has more convincing force and the greater probability of truth"]; compare *No Oil Inc. v. City of Los Angeles, supra,* 13 Cal.3d at p. 83, fn. 16 ["the word 'may' connotes a 'reasonable possibility'"].)

There is simply a gulf of difference between a "probability" and a

"possibility." (See, e.g., *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 ["When a demurrer is sustained without leave to amend, this court decides whether a reasonable possibility exists that amendment may cure the defect"]; see also *Jones v. Ortho Pharmaceutical Corp.* (1985) 163 Cal.App.3d 396, 403 ["That there is a distinction between a reasonable medical 'probability' and a medical 'possibility' needs little discussion"].)

To reiterate and conclude, to be eligible for military diversion, a defendant has the burden to show that he or she "*may* be suffering from [a qualifying condition] as a result of their military service." (§ 1001.80 (b)(2) & (c)(2), italics added.) Consistent with the statute's plain language and its legislative history, we hold that by using the word "may," the Legislature intended to impose a lower "reasonable possibility" burden of proof, thereby making it less burdensome for a veteran, or a member of the military, to establish their eligibility for pretrial military diversion.

18

III.

DISPOSITION

We grant Segura's petition for a writ of mandate. We direct the trial court to vacate its order denying Segura's motion for misdemeanor military diversion. We further direct the court to conduct a new hearing consistent with the holdings in this opinion.

MOORE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

GOODING, J.